## Metropolitan Nat. Bank, Appellant, *v.* Merchants and Manufacturers Bank.

*Promissory notes—Release—Findings of referee.*

Defendant, a bank, promised to pay a note due by a third person to plaintiff, a bank, if plaintiff would not proceed on the note. The debtor was also liable to both plaintiff and defendant on various other notes. Subsequently defendant compromised its claims against the debtor, including the note in controversy. A referee found that plaintiff had released defendant from its promise to pay the note, by reason of its settlement with the debtor. *Held*, that there was no error in entering judgment for defendant.

Argued Oct. 31, 1892. Appeal, No. 92, Oct. T., 1892, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1886, No. 119, for defendant on report of referee. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The case was referred to J. A. Evans, Esq., as referee, who found the facts as follows:

" 1. That about the middle of January, 1882, the plaintiff issued an attachment against the Falls Wire Manufacturing Co., attaching certain property of said company on two promissory notes amounting to about $4,000, made by said wire company and duly indorsed to plaintiff, and it employed E. C. Ruggles, Esq., an attorney at Cleveland, to represent the said bank. At the same time plaintiff held a note for $714.40 made and indorsed as the other notes, which note was not then due, on which plaintiff had instructed its attorney to issue attachment as soon as it was due. Defendant at this time having a claim against the said wire company on notes of like tenor to those held by plaintiff, amounting to about $40,000, agreed with plaintiff that if its attorney, said E. C. Ruggles, Esq.,

would take defendant's claim and issue attachment on it and plaintiff would withhold proceeding on its note for $714.40, defendant would pay the amount thereof out of the first money received on its claim.

" 2. That subsequent to said arrangement, the said E. C. Ruggles, Esq., sent to plaintiff requesting it to indorse said note for $714.40 to some third party and send it to him, and the note was indorsed to C. E. Cornelius and forwarded to Ruggles, for the purpose of bringing suit thereon.

" 3. That in March, 1883, defendant compromised its claim against the Falls Wire Manufacturing Co. and received $14,000, and the note for $714.40 was not paid to plaintiff out of said money, neither did defendant communicate to plaintiff the fact that it had received it.

" 4. That plaintiff, having information at the time that defendant had settled its claim against the Falls Wire Manufacturing Co., without consulting defendant, and making no demand on it for the note for $714.40, in the fall of 1883 compromised its claims against the said wire company, including the note in controversy, and released the said wire company from all claims on account of said note."

The referee reported the following conclusions of law.

" 1. The promise of defendant to pay the note in controversy was not within the statute of frauds.

" 2. Plaintiff released defendant from its promise to pay said note on its settlement with the Falls Wire Manufacturing Co."

Exceptions to the referee's findings of fact were overruled and judgment entered for defendant.

*Errors assigned* were entry of judgment for defendant, and overruling exceptions, quoting them.

*West McMurray, W. R. McCormick* with him, for appellant.

*William Scott, John Dalzell* and *Geo. B. Gordon* with him, for appellee.

PER CURIAM, January 3, 1893:

We need not discuss the question, whether the agreement by the defendant bank to pay the note for $714.14 held by the

plaintiff against the Falls Wire Manufacturing Company, not being in writing, is within the statute of frauds.

The referee has decided the case upon another ground which we think sufficient, viz. : " That the plaintiff released defendant from its promise to pay said note on its settlement with the Falls Wire Manufacturing Company."

The specifications of error are to the findings of facts by the referee. They do not require discussion.

Judgment affirmed.