# Union National Bank *v.* Farmers & Mechanics National Bank, Appellant.

*Banks and banking—Checks—Signature—Forgery—Burden of proof—Evidence—Liability over—Estoppel—Act of April 5, 1849, P. L. 424.*

1. A bank is still bound to know the signature of its depositors, and where checks are presented to it for payment, must exercise care and diligence in discovering forgeries of the signatures, and in giving notice to former innocent holders; if it fails in either of these respects, and injury results to the former innocent holders, it cannot recover back the amount of the checks, notwithstanding the provisions of section 10 of the Act of April 5, 1849, P. L. 424.

2. An opportunity to promptly proceed against a forger is a valuable right, the deprivation of which, by a failure to give notice promptly, conclusively determines that loss has resulted, unless it is shown that there is a fund on hand belonging to the forger, out of which reimbursement may be had.

3. Under such circumstances, the burden of proof is upon the depositor bank to show that loss will not result, and this it cannot do by simply proving that the party sued had money belonging to an immediately preceding innocent party, from which it received the check; it must be shown that the money on hand is money of the forger.

4. The burden of proof is always on the party against whom the decision of the tribunal would be given if no further competent evidence were introduced.

5. Where one of several parties connected with a transaction is liable over to the others, if recovery is had against them, a plaintiff, who can sue any of them on the contract or liability, cannot recover against the one he chooses to sue, unless he could recover also against the one ultimately liable.

6. Where a bank pays a series of forged checks without objection, in cashing later checks forged by the same party the same holder has a right to consider the fact that the signatures had been at least tacitly recognized by the bank as genuine, this being an exception to the rule that estoppel arises only because of action with knowledge.

7. Not decided, whether, on the deposit of a check without stating thereon the purpose of the deposit, it is presumed to be for collection only, the title remaining in the depositor, or that the title then passes to the bank in which it is deposited.

8. Union National Bank v. Franklin National Bank, 249 Pa. 375, and United States National Bank of Portland v. Union National Bank, 268 Pa. 147, considered and explained.

Argued April 25, 1921. Appeal, No. 433, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1918, No. 2854, on verdict for plaintiff, in case of Union National Bank v. Farmers & Mechanics National Bank. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit against a collecting bank to recover the amount of twelve checks aggregating $1,595.62. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,872.45. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting the record.

*Theodore F. Jenkins,* for appellant.—It was the duty of appellee on the receipt of each check to examine it and if a forgery to notify appellant within a reasonable time: Iron City Bank v. Bank, 159 Pa. 46; Myers v. Bank, 193 Pa. 1; McNeely Co. v. Bank, 221 Pa. 588; Marks v. Bank, 252 Pa. 304; U. S. Nat. Bank v. Bank, 268 Pa. 147; United States v. Bank, 214 U. S. 302; United States v. Bank, 252 U. S. 485; Houser v. Bank, 27 Pa. Superior Ct. 613.

*Joseph J. Brown,* with him *Henry P. Brown,* for appellee.—It was not shown that appellant was, in fact, acting as the agent of the Commonwealth Trust Company.

Assuming, for argument's sake merely, that appellant was acting as the Commonwealth Trust Company's

agent, it was not shown that plaintiff had notice of that fact: U. S. Bank of Portland v. Bank, 268 Pa. 147.

It is not shown that any relationship of principal and agent existed between appellant and Hershman.

OPINION BY MR. JUSTICE SIMPSON, July 1, 1921:

I. Leiberman was a bookkeeper for Wapner & Rushansky, and was paid his salary, sometimes in cash and sometimes by checks drawn by them upon their account in the Union National Bank, the plaintiff in this case. On December 17, 1917, Leiberman requested Lawrence Hershman to cash a check of that date, which purported to be drawn to his, Leiberman's, order, by his employers, on their account with plaintiff. Hershman refused to do this until he was sure the check was good, whereupon, by agreement, it was endorsed by Leiberman, deposited by Hershman in his account with the Commonwealth Title Insurance & Trust Company, which, in turn, endorsed and delivered it to the Bank of North America, so that it could be collected through the Clearing House Association, of which plaintiff, the Bank of North America and defendant, the Farmers & Mechanics National Bank, were members, but the trust company was not. Having received notice that the check had been duly paid by plaintiff, Hershman gave to Leiberman the amount specified therein. Subsequently, Hershman cashed for Leiberman twelve other checks, drawn in the same way, all of which were endorsed by the latter; these were endorsed and deposited by Hershman in his account with the trust company, were endorsed by it, and defendant collected the amount thereof from plaintiff, through the Clearing House Association. In this way, eight of these checks were paid by plaintiff prior to January 31, 1918, and, on that date, were deducted in the settlement of Wapner & Rushansky's account without objection by the latter; they did not, however, receive the forged papers until February 15, 1918, when, in accordance with their custom, they called at the

bank for them, under the circumstances hereinafter set forth. Two others of the forged checks were paid February 8, 1918, and the last two on February 14, 1918. On February 15, 1918, Wapner & Rushansky were notified by plaintiff bank that their account was overdrawn, whereupon they called and received the checks included in the settlement of January 31, 1918, examined them and all the others paid to the first named date, and pronounced the twelve checks above referred to to be forgeries, as they in fact were, the signatures thereon having been forged by Leiberman. On the same day plaintiff, in turn, notified defendant of the forgeries. During all this time the balance due by defendant to the trust company was far in excess of the total amount of the checks; but neither defendant, the trust company nor Hershman, either then or thereafter, had any money or property belonging to Leiberman, who was insolvent and in prison, and who, subsequently, was indicted, tried, convicted and sentenced for the forgeries.

Plaintiff demanded of defendant that it repay the amount of the forged checks, and, this being refused, brought the present suit. At the trial, the court below refused defendant's point for binding instructions, and directed a verdict for plaintiff for the aggregate of the twelve checks with interest; later, the court in banc dismissed defendant's motion for judgment non obstante veredicto and entered judgment on the verdict, whereupon defendant appealed.

Plaintiff claims that, under section 10 of the Act of April 5, 1849, P. L. 426, it can recover back the amounts paid to defendant; and, though conceding, on the authority of Iron City National Bank v. Fort Pitt National Bank, 159 Pa. 46, it "is still presumed to know [its depositor's] signature," "the principles of the commercial law are still applicable, and there is still the same necessity as before for care, diligence and proper notice under the settled rules of the law of negotiable paper," and "the statute does not......exempt [plaintiff] from the

consequences of [its] own negligence, if thereby loss would accrue to the other party," it points to the United States National Bank of Portland v. Union National Bank, 268 Pa. 147, as authority for the proposition that defendant has not suffered loss, since it, at all times, had in its hands a sum due the trust company, far in excess of the amount of the checks. This latter case, however, was decided on the principle of res adjudicata; the fact, upon which plaintiff relied for recovery, having been a relevant fact in the prior case of Union National Bank v. Franklin National Bank, 249 Pa. 375, wherein the United States Bank assisted in the defense made by its agent, the Franklin National Bank, and would have defeated that action if it had been interposed therein. No such situation arises here; and hence the only pertinency of that case, is in its conclusion that a defendant, who is an agent, can set up, in a suit which arises out of the agency, any defense its principal could have interposed had he, and not the agent, been the party sued.

It is not necessary to consider the disputable question (3 Ruling Case Law 524), as to whether or not, upon the deposit of the checks by Hershman, the title remained in him,—the trust company and defendant being simply his agents for collection,—or whether it presumptively passed to the companies in turn; for the same result is reached in either event.

The opportunity to proceed at once against a forger, is a valuable one, the deprivation of which, by failure to give notice promptly, conclusively determines that loss has resulted (for there is no way by which it can be satisfactorily determined there was no loss: Leather Manufacturer's National Bank v. Morgan, 117 U. S. 96; McNeely v. Bank of North America, 221 Pa. 588), unless it is shown there is on hand a fund, belonging to the forger, out of which defendant can reimburse himself in whole or in part: Union National Bank v. Franklin National Bank, 249 Pa. 375; United States National Bank v. Union National Bank, 268 Pa. 147.

In the first of the cases above mentioned the question now before us was not raised, the parties in that case choosing to rely on the fact that the Franklin National Bank had, ad interim, paid over to its principal, the United States National Bank, a fund in excess of the amount received from the Union National Bank, the drawee named in the checks; but this was held to be no defense, since the Franklin National Bank still had on hand ample funds of the United States National Bank from which to recoup its payment to the latter. In the last of the cases cited, however, it was decided that, if it had been made to appear in the former case, that the United States National Bank, in which the forged check was first deposited, had paid to the forger, or on his orders, all or any part of the proceeds of the forged check, this would have been a defense to the claim by the Union National Bank against the Franklin National Bank.

The only question which now remains open is, therefore, on whom is the burden of proof when such a defense is suggested? In the present case, plaintiff evidently assumed it had the burden (and we think correctly), for it produced evidence to show that the trust company was, and at all times had been, indebted to defendant bank, in a sum largely in excess of the amount of the forged checks. The point has not been squarely raised, however, in any of our prior cases, and must, therefore, be decided on principle.

Starting with the admitted facts that plaintiff wrongfully paid the forged checks, failed to discover the forgeries and to give notice thereof in time, and that somebody must suffer as a result thereof, and considering that, as already pointed out, a conclusive presumption of injury to the other parties to the checks arises, unless it is shown assets of the wrongdoer are available to make good the loss, we have a case wherein plaintiff seeks to escape the result of its own negligence; and hence we have no difficulty in holding it falls within the ordinary rule that

"the burden of evidence [proof] is always on that party against whom the decision of the tribunal would be given if no further evidence were introduced, or, to speak more accurately, if no evidence were introduced which the judge would permit the jury to consider as the basis of their verdict": 16 Cyc. 932; 22 Corpus Juris 76.

This being so, it necessarily follows plaintiff was required to prove the circumstances which it alleged should relieve it from suffering the loss caused by its negligence; and it could do this only by showing the relations of the parties to each other and to the transaction, and the facts, growing out of them, which justified the court below in directing a verdict in its favor. The record, however, is wholly barren of proof of anything justifying even the submission of this question to the jury. If we assume the trust company and defendant were collecting agents for Hershman, then (as this defense is one which can be made in the present suit, even though defendant be treated as an undisclosed agent: United States National Bank of Portland v. Union National Bank, 268 Pa. 147), the question is: Has Hershman anything of Leiberman's out of which he could have made good his loss, and, since there is no proof he had, plaintiff cannot recover. If, on the other hand, we assume defendant was the owner of the checks, the result is the same; for, as between defendant, the trust company and Hershman, the loss, if any, would fall upon Hershman, under the contention now made by plaintiff; and defendant can set up, in this suit, any defense which Hershman could have made, if he had been sued by plaintiff, as he might have been under the Act of 1849: 21 Ruling Case Law 1065; Mortland v. Himes, 8 Pa. 265; Metropolitan National Bank v. Merchants and Manufacturers Bank, 155 Pa. 20. This is the same principle (underlying a large body of the law) which permits an agent to defend upon any ground that would have availed his principal, if sued. It is true, in the instant case, defendant is not strictly a surety, nor, on the alternative now being considered, an agent;

but the basis of the rule, viz, that a creditor having a claim against several, cannot recover thereon in a suit against one, who, as between himself and another, is secondarily liable, if the one primarily responsible has a valid defense to the claim. Any other conclusion would be a travesty upon justice; for, using the present case as an illustration, it would enable one who has been negligent, to cast the resulting loss upon the innocent party, whom he chooses to sue, instead of another innocent party, who is liable over to the one sued, but who, if sued by the creditor, as he might have been, would have had a complete defense to the claim,—since there is no proof Hershman had any assets of Leiberman's, out of which the amount of the checks could have been made good, in whole or in part. Equity, which is part of the common law of Pennsylvania, never would permit liability to depend upon the option of one party to a controversy, instead of upon legal principles applicable to all concerned.

The situation, so far as relates to all the checks but the last two, is, therefore, that plaintiff paid them to its own loss; and since it negligently failed to discover the forgeries until after the time when, with care and diligence, it should have done so, and all other parties have acted in good faith, and have no assets of the forger from which to recoup the loss, it cannot recover back the amounts paid, but is relegated to a claim against the forger alone.

As to the last two checks, however, a different question arises. A sufficiently prompt notice of the forgeries thereof was given, and the defense to the recovery thereon (which also applies equally to most of the prior checks) falls within another principle. Having paid the earlier checks without objection, plaintiff's "silence was tantamount to a declaration [that they were genuine] and, in afterwards honoring checks signed by the same person, the [defendant] bank had a right to consider the fact that those signatures had been at least tacitly recognized by the plaintiff as genuine": Myers v. Southwest-

ern National Bank, 193 Pa. 1, 12. It is not easy to recon-
cile this rule with the principle that, ordinarily, estoppel
arises only because of action with knowledge, which it
cannot be presumed, and certainly was not proved, plain-
tiff had regarding the fact of forgery, when it paid the
checks; but this exception, in the case of bank checks,
is well settled here and elsewhere, and must be corrected,
if at all, by the legislature.

Appellee further contends that, even though we re-
verse, this court should not enter judgment for defend-
ant, "until the question of appellee's and Hershman's
possible negligence had been determined in its [defend-
ant's] favor by the jury." We are not interested in
"possible" negligence, however, since no actual negli-
gence by Hershman is shown; plaintiff's negligence is
conclusively established, and it did not sustain the de-
fense of "no loss," upon which it relied.

The judgment of the court below is reversed and judg-
ment is here entered for defendant non obstante vere-
dicto.