## Morris & Bailey Steel Co. *v.* Bank of Pittsburgh National Association, Appellant.

*Banks and banking—Checks—Endorsement—Forgery—Notice —Certified check—Principal and agent.*

1. Where a bank issues its certified check to a named payee, it is that person to whom payment must be made, and if such person's name is forged as endorser, the bank will be liable for the loss resulting.

2. If in such case the payee has reason to believe the obligation has been misused, it is his duty to give proper notice, so that no loss may occur to the bank upon which it is drawn.

3. If an agent having power to sign checks, procures from his principal's bank certified checks, and forges the names of the payees of such checks, and procures payment of the same to himself, the bank cannot charge up the loss against the principal's account.

Argued March 19, 1925.   Appeal, No. 33, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 742, on verdict for plaintiff, in case of Morris & Bailey Steel Co. v. Bank of Pittsburgh National Association.   Before WALLING, SIMPSON, KEPHART and SADLER, JJ.   Affirmed.

Assumpsit for amount of cashier's checks wrongfully charged to plaintiff's account.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,512.85.   Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v., quoting record.

*Howard Zacharias,* with him *Joseph Stadtfeld* and *Reed, Smith, Shaw & McClay,* for appellant.

*Frederic W. Miller,* for appellee.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

Defendant appeals from a judgment entered in favor of plaintiff for a sum alleged to be due as a result of issuance of certain certified checks, drawn to its order, and to which its name was fraudulently endorsed, and placed to the credit of one Leder, an agent of Schwarz, who carried on a collection agency in the City of Pittsburgh. The facts surrounding the transaction are disclosed by the immediately preceding case reported, in which Schwarz was the plaintiff, and by the opinion previously rendered by this court, in which a judgment for defendant, based on a statutory demurrer, was reversed:

Morris & Bailey Steel Co. v. Bank of Pittsburgh, 277 Pa. 81.

The obligations, forming the basis of the present suit, were drawn to the order of the plaintiff, and illegally signed by Leder, agent of Schwarz, and deposited to the personal account of the former in the Potter Title & Trust Company, and, in due course of business, cashed. He had no authority to so act, and to appropriate the proceeds to his own use. But one defense could possibly be interposed here, as previously indicated in the opinion of this court. If there was negligence in giving notice of the forgery, the defendant, if injured thereby, had the right to complain. The record, however, discloses that the bank knew of the wrongful act of Leder, at least as soon, if not sooner, than the plaintiff. It cannot be said that it was prejudiced by any act on the part of the Morris & Bailey Steel Company.

The judgment is affirmed.