## Clearfield National Bank *v.* Madera National Bank, Appellant.

*Banks and Banking—Checks—Forged endorsements—Liability to drawee bank of persons holding or negotiating check—Cancellation of check—Act of April 5, 1849, P. L. 426.*

Under the Act of April 5, 1849, P. L. 426, where a bank has paid a check of a depositor on which the payee's endorsement was forged, its right of recovery is not limited to the bank to which it has actually paid the money; it may recover from any bank or person holding or negotiating the check.

Under the Act of 1849 the right of action accrues as soon as the money is paid, and an action may be brought thereunder even though the drawee bank after paying the check, marked it "paid," charged it against the drawee's account, and never thereafter credited it in that account.

A forged endorsement passes no title to a check and a bank has no claim against its depositors, when it pays such check unless through his negligence he is estopped from asserting the forgery.

Argued October 27, 1925. Appeal No. 257, October T., 1925, by defendant, from judgment of C. P. Clearfield County, May T., 1923, No. 110, in the case of Clearfield National Bank v. Madera National Bank. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for money paid on a check bearing a forged endorsement. Before HECK, P. J., 55 Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $974.44 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*John C. Arnold,* of *Hartswick, Arnold & Platt,* for appellant.—No action can be maintained under the Act of 1849: Corn Exchange National Bank v. Bank of Republic, 78 Pa. 237; McNeely v. Bank, 221 Pa. 588; Tradesmen's Bank v. Third National Bank, 66 Pa. 435; Judge v. Trust Co., 68 Pa. Superior Ct. 310.

*Singleton Bell,* and with him *J. Mitchell Chase, Harry Boulton, John C. Forsyth,* and *F. Cortez Bell,* for appellee.—The right of recovery is not limited by the Act of 1849, to the person or party to whom the money was actually paid: Stephens v. Monongahela National Bank, 88 Pa. 157; Iron City National Bank v. Fort Pitt National Bank, 159 Pa. 46; Second National Bank v. Trust and Safe Deposit Company, 206 Pa. 616; U. S. National Bank v. Union National Bank, 268 Pa. 147; Union Bank v. Farmers National Bank, 271 Pa. 107.

OPINION BY TREXLER, J., February 26, 1926:

Chase and Chase, Clearfield, Pennsylvania, drew a check on the Clearfield National Bank, payable to the order of Annie Christie, in the sum of Eight Hundred and Thirty-Five ($835) Dollars, which check was mailed to the payee at Madera, Clearfield County, Pennsylvania.  The letter and check were obtained by Tony Christie, her husband, without her knowledge. He forged the endorsement of Annie Christie, and after endorsing his own name, presented the check to the Madera National Bank, where neither he nor Annie

Christie were depositors; and the Madera National Bank, without knowledge of the forgery, paid Tony Christie the amount of said check. The Madera National Bank endorsed the said check as follows: "Pay any bank, banker or order, all prior endorsements guaranteed. Madera National Bank, Madera, Pa., E. B. Mahaffey, Cashier," and forwarded it to the Tradesmen's National Bank of Philadelphia, which made a like endorsement, and in turn forwarded it to the Clearfield Trust Company at Clearfield, Pennsylvania, which endorsed it and presented it to the Clearfield National Bank, which paid the amount thereof to the Clearfield Trust Company, who remitted to the Tradesmen's National Bank, which in turn remitted it to the Madera National Bank. Upon payment of said check by the Clearfield National Bank to the Clearfield Trust Company, the Clearfield National Bank physically cancelled said check by perforating it with the word "Paid." The Clearfield National Bank charged said check against its depositor, Chase and Chase, and never thereafter credited their account with the amount of the check. The forgery was shortly discovered, and notice given Clearfield Trust Company, Trademen's National Bank and Madera National Bank. The present suit was brought by the Clearfield National Bank against the Madera National Bank, and a verdict rendered in favor of the plaintiff.

The first question which requires our attention is: can the drawee bank upon paying a check upon which the payee's endorsement is forged, maintain an action under the 10th Section of the Act of April 5th, 1849, P. L. 426, against an endorser to whom the plaintiff did not pay the amount of the check? The Section reads as follows: "That whenever any value or amount shall be received as a consideration in the sale, assignment, transfer or negotiation, or in payment of any bill of exchange, draft, check, order, promissory note or other instrument, negotiable within this com-

monwealth by the holder thereof, from the endorsee or endorsees, or payer or payers of the same, and the signature or signatures of any person or persons, represented to be parties thereto, whether as, a drawer, acceptor or endorser, shall have been forged thereon, and such value or amount by reason thereof erroneously given or paid such endorsee or endorsees, as well as such payer or payers respectively, shall be legally entitled to recover back from the person or persons previously holding or negotiating the same, the value or amount so as aforesaid given, or paid by such endorsee or endorsees, or payer or payers respectively, to such person or persons, together with lawful interest thereon from the time that demand shall have been made for payment of the same.''

The appellant contends that this section gives a right of action by the person paying, solely against the person who was paid, that the only person against whom the Clearfield Bank could proceed on this forged check is the collecting bank to whom in the first instance the check was paid. The Madera Bank, it will be noticed, was not the party to whom the Clearfield Bank directly paid the money. The intervening banks that forwarded the check were the medium through which the money was paid to the Madera Bank. As to this proposition we follow the case of Judge v. West Philadelphia Title and Trust Co., 68 Pa. Superior Ct. 310. The lower court held in that case that there could be no recovery, except from the party to whom the money was paid, that is, the actual recipient of it; that the physical action involved determined the application of the section. This court reversed the lower court and stated through Judge PORTER, ''We think this is too narrow a construction of this act. The act declares that anyone paying money on a forged instrument may recover it back from the person or persons previously holding or negotiating the same. Any person holding or negotiating the paper is liable. The

thing recoverable is the amount paid to such person or persons. The last part of the section has reference to the money paid, but it does not, we think, limit the liability of the persons previously holding or negotiating this paper.'' The dictum of Judge SIMPSON in the case of the Union National Bank v. Farmers & Mechanics National Bank, 271 Pa. 107, recognizes that a party other than the party to whom the money was first paid can be sued under the act of 1849. This interpretation of the act brings it within the well known principle applied to commercial paper, that the liability of an endorser to those subsequently holding the paper is that of principal and the action may be brought against him. Barzilla Stephens v. Monongahela National Bank, 88 Pa. 157.

The other point raised by the appellant is: that since the bank, after paying the check out, marked it ''paid'' and charged it against the account of the drawer and has never credited it in the said account, it was not in a position to bring suit. It will be observed that the right of action accrues as soon as the money is paid on the forged endorsement and the party paying is the proper person to bring the suit. What passed between the bank and its depositor would not seem to interest the plaintiff. The only persons that can be harmed are Chase and Chase. A forged endorsement passes no title to a check and a bank has no claim against its depositor when it pays such check unless through his negligence he is estopped from asserting the forgery. United Security Life Insurance and Trust Company of Penna. v. Central National Bank of Phila., 185 Pa. 586. Morris and Bailey Co. v. Bank of Pittsburgh National Association, 283 Pa. 203. This suit is brought for the recovery of the money paid by the bank and is not based on the check.

The assignments of error are overruled and the judgment is affirmed.