## The Real Estate-Land Title and Trust Co. v. Philadelphia-Girard National Bank.

*M. W. Sloan,* for plaintiff; *Wolf, Block & Schorr,* for defendant.

MARTIN, P. J., July 23, 1928.—On June 29, 1922, the real estate department of The Real Estate Title Insurance and Trust Company drew a check upon

The Real Estate Title Insurance and Trust Company to the order of Rose Zinman for $3458.87. The check was endorsed in the name of Rose Zinman, deposited in the State Bank of Philadelphia, and paid by The Real Estate Title Insurance and Trust Company to the Philadelphia-Girard National Bank, on June 30, 1922, through the clearing-house.

On April 4, 1928, the suit in this case was instituted by The Real Estate-Land Title and Trust Company (the reorganized Real Estate Title Insurance and Trust Company) against the Philadelphia-Girard National Bank.

A statement of claim was filed, alleging that the endorsement of "Rose Zinman" on the check was a forgery and was not made or authorized by her; that The Real Estate Title Insurance and Trust Company paid the check to defendant by mistake on the assumption that the signature of Rose Zinman was genuine; and that The Real Estate Title Insurance and Trust Company did not know, and was not able to know, of the forgery until Jan. 18, 1928, and on that day notified the defendant of the forgery; that plaintiff has demanded a return of the money paid on the check, but defendant has refused the demand.

An affidavit of defense raising questions of law was filed by defendant, averring that the statement of claim fails to set forth a valid cause of action in law; shows laches on the part of plaintiff in not giving notice to the defendant of the alleged forgery for a period of five and a half years; and fails to set up any valid reason to excuse the laches.

It was the duty of plaintiff to notify the bank upon which the check was drawn promptly of the forgery. A lapse of five and a half years, in the absence of explanation, is presumptive evidence of negligence and of laches in serving notice of the forgery upon the payee.

The statement of claim avers that plaintiff did not know, and was not able to know, of the forgery until Jan. 18, 1928, and on that day notified defendant of the forgery.

Plaintiff will be required, if the case proceeds to trial, to prove the circumstances which should relieve it from suffering the loss caused by its negligence, and it can "do this only by showing the relations of the parties to each other and to the transaction and the facts growing out of them:" Union Nat. Bank v. Farmers' & Merchants' Nat. Bank, 271 Pa. 107, 113.

"It is error to enter judgment for defendants on points of law raised in an affidavit of defense, unless it appears from the statement of claim itself 'as a question of law' that the plaintiff is not entitled to recover in this proceeding. No weight can be given to objections alleging that the statement is vague, indefinite and insufficient to support the action:" Morris & Bailey Steel Co. v. Bank v. Farmers & Mechanics Nat. Bank, 271 Pa. 107, 113.

If the statement of claim does not aver sufficient facts to inform defendant of what it is called upon to answer, a rule may be entered for a more specific statement: Sovich v. Reading Co., 10 D. & C. 194.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires every pleading "to contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law."

The Amendment of March 30, 1925, P. L. 84, provides that "every allegation of fact in the plaintiff's statement of claim . . . if not denied specifically or by necessary implication in the affidavit of defense . . . shall be taken to be admitted."

The plaintiff is not obliged to set out in the statement of claim the evidence upon which it will rely to disprove the presumption of negligence or of laches arising from the delay of five and a half years in learning of the forgery. It is averred in the statement of claim that defendant was informed on the same day that plaintiff learned of the forgery. The burden is on plaintiff to prove that there was no negligence on its part. The allegations of the statement of claim will permit the introduction of any competent evidence to prove the averments.

Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it: Rhodes v. Terheyden, 272 Pa. 397.

"Where, as here, plaintiff's statement makes a *prima facie* case, he cannot be turned out of court on demurrer thereto:" Scranton Axle and Spring Co. v. Scranton Board of Trade, 271 Pa. 6, 9.

And now, to wit, July 23, 1928, the affidavit of defense raising questions of law is not sustained. Defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.