L. A. Meyran v. Joseph Abel, Charles O. Smith, Liverton T. Unks and Martin Abel, trading as Abel, Smith & Company, Appellants.

*Promissory notes—Partnership notes—Renewals—Indorsement.*

Where partnership notes made by one partner after dissolution in renewal of prior notes made before dissolution are indorsed in good faith for accommodation of the partnership, in an action by the accommodation indorser, none of the partners can defend on the ground that the notes were fraudulently used for the individual purpose of another partner.

After the stoppage of active operations by a partnership, or after its dissolution, a liquidating partner may give and renew notes to liquidate the partnership indebtedness.

Argued Nov. 10, 1898. Appeal, No. 200, Oct. T., 1898, by defendants, from order of C. P. No. 2, Allegheny Co., July T., 1898, No. 886, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit by an indorser against a partnership on a partnership note.

The substance of plaintiff's statement is set out in the opinion of the Supreme Court. The affidavit of defense was as follows:

Liverton T. Unks, one of the defendants above named, being duly sworn for himself and his codefendant, Martin Abel, deposes and says that he and said Martin Abel have a full defense to the whole of plaintiff's claim. Affiant says that said firm of Abel, Smith & Co. was dissolved on July 9, 1897, and all its assets sold at sheriff's sale, and said firm long before this, ceased to do business of any kind, and then ceased to exist. It is not true that defendant firm made the notes sued on in this case, nor was said firm ever indebted to plaintiff for the amounts of said notes with discounts as claimed in plaintiff's statement. Neither affiant nor said Martin Abel, defendant, ever heard of these notes now sued on until this suit was brought, nor did they in any way authorize the execution or delivery of same, or authorize any one else to make such request.

Affiant says that he never knew of the proceeds of the note

sued on, or, if they are renewals as claimed of other notes, of their proceeds, being used in the firm, and he does not believe that said defendant firm ever received a dollar of the proceeds of said notes. Affiant says further that said defendant firm has been out of business since June, 1893. Defendant firm was engaged in the manufacture of window glass, and quit business in June, 1893. Said members of said firm never met together after June, 1893, and neither the notes sued on, nor their originals, were ever authorized to be executed or delivered by said firm.

Affiant is informed and believes, and expects to be able to prove on the trial' of this case, that the notes sued on in this case are the individual notes of Joseph Abel, one of defendants, and not those of said defendant firm.

The firm of Abel, Smith & Co. was formed in 1882, being a continuation of the old firm of Abel, Kim & Co. L. T. Unks and Martin Abel, defendants, were glass blowers, and worked in the glass house of said firm at their trade. Said Joseph Abel and Charles O. Smith managed the business and gave no information to said Unks and Martin Abel, which accounts for affiant's inability to' give a clearer statement of the business of said firm. But affiant asserts that said firm is not indebted to plaintiff, as said firm had ceased to do business in 1893, and all its assets were sold at sheriff's sale in July, 1897. Said defendants, L. T. Unks and Martin Abel, have had nothing to do with said firm since 1893, when it ceased business, nor has there ever been any meeting of the partners since 1893, or any attempt to do business by said firm since then. The firm was actually dissolved in 1893, although the assets were not finally sold till 1897, but there was no such firm at the time plaintiff's notes were executed, and no former partner had any authority to make said notes.

Said L. T. Unks makes this affidavit for himself and as agent for Martin Abel.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*F. C. McGirr*, with him *John Marron*, for appellants.

*J. M. Shields*, with him *George W. Guthrie* for appellee.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The plaintiff's statement sets out a complete cause of action, the making and delivery of partnership notes in renewal of prior notes; the indorsement of them by the plaintiff at the instance and request and for the benefit of the defendants, and their payment by the plaintiff after maturity and protest. By reference to the dates of the notes renewed the original debt is carried back as to both series of notes to a time when the firm was in existence and in possession of its assets, although it had ceased active operations. The making and delivery of the prior notes by one of the partners before the dissolution of the partnership, and of the last renewals by him after its dissolution, is in effect admitted by the affidavit. The grounds of defense then open were: (1) fraud on the part of the partner who made the notes, to which fraud the accommodation indorser was a party; (2) want of authority in the partner to renew the notes after the dissolution of the partnership.

A defense is established on neither ground. As the notes were in form partnership notes, the assertion that they were the individual notes of Joseph Abel must be considered as meaning that they were fraudulently used for his individual purpose. It is not denied that the plaintiff indorsed the notes in good faith for the accommodation of the partnership; and a fraudulent use of them by one of the partners, without participation by the plaintiff in the fraud or notice to him of the intended use, will not defeat the right to recover.

The averment that the firm did not make the notes; that neither the original notes nor the renewals thereof were authorized by the firm, and that after the sale of the assets in 1897, no former partner had authority to make notes, when read in their connection in the affidavit, are assertions of legal inferences by the affiants, and not of facts. It appears by the affidavit that the partnership was formed in 1882; that the business was managed by Joseph Abel and Charles O. Smith, the partners who are not defending; that active operations ceased in 1893, but that the assets were preserved until sold in 1897. After 1893 the partnership continued for the purpose at least of closing up its business, and during this period its

liquidating partners had implied authority to make partnership notes. To act as liquidating partners required no express authority. If they so acted with the knowledge of their copartners their permission may be presumed. After dissolution a liquidating partner may give and renew notes to liquidate the partnership indebtedness: Fulton v. Bank, 92 Pa. 112.

On the vital points of the case the affidavit of defense is evasive and insufficient and it does not meet the plaintiff's statement of claim.

The judgment is affirmed.