# Rhodes, Appellant, *v.* Terheyden et al.

*Partnership—Practice, C. P. — Parties — Statement of claim—Promissory notes—Presumption—Act of May 14, 1915, P. L. 483.*

1. Where a statement of claim shows that the action is against partners, it is not necessary to expressly aver a joint liability.

2. In an action against partners, it is not necessary to aver that one of them had authority to borrow the money for which suit is brought, since, in the absence of express or implied notice to the contrary, it is presumed each partner is the agent of his copartners, authorized to borrow money for the firm and to give obligations therefor.

3. Where a statement of claim avers that a note was drawn for the benefit of the firm, was endorsed by plaintiff as an accommo-

dation to the firm, was discounted for the firm, and the proceeds received by the firm, these are sufficient averments, so far as plaintiff is concerned, that the note did not come to the partnership in due course.

4. Under such circumstances, one who makes or endorses a note may recover against the members of the partnership, if he is later compelled to pay the firm debt, even though the names of the partners did not appear on the obligation.

*Practice, C. P.—Statement of claim—Insufficient statement—Remedy—Rule for more specific statement—Motion for non pros—Act of May 14, 1915, P. L. 483.*

5. If a statement of claim does not conform to the provisions of the Practice Act of May 14, 1915, P. L. 483, the defendant should move to strike it off, as provided by section 21 of the Act.

6. If a statement of claim does conform to the provisions of the Act of 1915, but is not sufficiently specific, the appropriate remedy is a rule for a more specific statement followed by a motion for a non pros, if the court makes the rule absolute and its order is not complied with.

7. The question to be decided under section 20 of the Act of 1915, is not whether a statement is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether upon the facts averred it shows, as a question of law, that plaintiff is not entitled to recover.

8. Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it.

Argued October 19, 1921. Appeal, No. 205, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 2630, for defendants on affidavit of defense raising question of law, in case of W. B. Rhodes v. Henry Terheyden and J. M. Fickeisen. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Assumpsit on promissory note. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

1922.]    Assignment of Error—Opinion of the Court.

*Error assigned,* inter alia, was judgment, quoting it.

*H. K. Siebeneck,* of *Seymour, Patterson & Siebeneck,* for appellants.—There is an implied agreement by the party accommodated to reimburse an accommodated endorser: Peale v. Addicks, 174 Pa. 543; De Barry v. Withers, 44 Pa. 356; Meyran v. Abel, 189 Pa. 215; Kern's Est., 171 Pa. 55.

The name of the party accommodated need not appear on the paper: Mosser v. Criswell, 150 Pa. 409; Chestnut St. Trust Co. v. Hart, 217 Pa. 506; Delaware Trust Co. v. Haser, 199 Pa. 17; Dillinger v. Scott, 19 Hawaii 421.

In accommodation paper the commercial paper rule of liability in inverse order of execution has no application: Peale v. Addicks, 174 Pa. 543.

The Negotiable Instruments Act has made no change in the law: First Nat. Bank v. Dick, 22 Pa. Superior Ct. 445; Lackawanna Trust Co. v. Carlucci, 264 Pa. 226; Wayne T. & T. Co. v. Treat, 269 Pa. 303.

*John C. Bane,* with him *Charles A. Woods,* for appellee, cited: Graeff v. Hitchman, 5 Watts 454; Van Hagen Soap Co.'s Est., 141 Pa. 214.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

In his statement of claim, plaintiff avers that defendants and one George I. Whitney, since deceased, had been partners, carrying on business under the firm name of Whitney & Fickeisen, Trustees; that, at Whitney's request, for the accommodation of the firm, he plaintiff, became an endorser of a note for $5,000 drawn by Whitney to the order of one Stuart H. Robinson, endorsed by the latter, by Fickeisen and by plaintiff, and then delivered to the firm, which had it discounted and applied the proceeds to its own use,—the note being renewed from time to time, with the same endorsements. He further avers that, after Whitney's death, defend-

ants became the surviving partners, with the duty of paying the obligations of the firm, but each had refused to pay to him the amount of the final renewal note, which had been protested, notice thereof given to him, Robinson and defendants, and which he had been obliged to pay, because of the firm's failure so to do.

Terheyden, one of the defendants, filed an affidavit, suggesting that the statement did not show any liability on his part, either individually, jointly or as a member of the partnership; after hearing thereon, final judgment was entered in his favor, and plaintiff appealed.

Three reasons are given by the court below for its conclusion: (1) "It nowhere appears in the statement that defendants had expressly assumed any joint liability." Inasmuch, however, as partners are jointly liable for the debts of the firm (Uniform Partnership Act of March 26, 1915, paragraph III, section 15, P. L. 18, 21), an express averment to this effect was not necessary. (2) "The note was not made by the partnership, and there is no averment that it ever authorized the making thereof." Inasmuch, however, as, in the absence of express or implied notice to the contrary, each partner is the agent of his copartners, authorized to borrow money for the firm, and to give obligations therefor, such an averment was not necessary: Ihmsen v. Negley, 25 Pa. 297; Haldeman v. Bank of Middletown, 28 Pa. 440; Moorehead v. Gilmore, 77 Pa. 118; Real Estate Investment Co. v. Smith, 162 Pa. 441. (3) There are no "averments that the note came to the partnership otherwise than in due course." As already pointed out, there are distinct allegations that the note was drawn for the benefit of the firm, was endorsed by plaintiff as an accommodation to it, was discounted for it, and the proceeds received by it. As between plaintiff and the firm, this, of course, makes the latter liable for the indebtedness and entitles him to recover against the individual partners,—of which appellee is alleged to have been one,—as soon as he, plaintiff, was compelled to pay the

firm debt; and this is so even though their names do not appear on the obligation: Maffett v. Leuckel, 93 Pa. 468; Mosser v. Criswell, 150 Pa. 409; Peale v. Addicks, 174 Pa. 543; Meyran v. Abel, 189 Pa. 215; Lackawanna Trust Co. v. Carlucci, 264 Pa. 226, 228.

Appellee claims that the statement is fatally defective for the further reason that it does not show he is sued as a member of the partnership. It must be admitted, this fact might have been averred with greater certainty; but the intendment of the statement is clear, appellant seeking to recover from defendants, because and only because they were members of the firm of Whitney & Fickeisen, Trustees, which is alleged to be indebted to him, by reason of his payment of the note under the circumstances already specified.

If appellee was of opinion the averment of the statement did not "conform to the provisions" of the Practice Act of May 14, 1915, P. L. 483, he should have moved to strike it off, as provided by section 21. If he believed it did "conform to the provisions" of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion for a non pros, if the court made his rule absolute and its order was not complied with (King v. Brillhart, 271 Pa. 301, 305); this practice still obtains, notwithstanding section 21 of the act, which "is not intended to provide a new or exclusive remedy, applicable to defective pleadings; it is simply a general enabling provision to be read in connection with the rest of the act": Parry v. First National Bank of Lansford, 270 Pa. 556, 560.

The question to be decided under section 20 of the act, which provides only "a substitute......for the common law demurrer" (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a "question of law,"

that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls (though there is no such difficulty in the instant case), but, in that event, the doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264. It is true each of these citations was an appeal from a refusal to enter judgment for want of a sufficient affidavit of defense, but the principle relied on applies with greater force here, in view of the certainty required in such affidavits: Moore v. Luzerne County, supra. Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims.

The judgment of the court below is reversed and a procedendo awarded.