## Wilkinson v. Geist.

*Pleadings—Plaintiff's statement—Form—Paragraphs to contain but one material allegation—Pleading law of another jurisdiction—Practice Act of 1915.*

1. Plaintiff, in a single paragraph of his statement, cannot allege plaintiff's want of knowledge, defendant's failure to communicate material facts, reliance upon representations and warranties, the right to rely upon such representations and warranties, and the state of law in another jurisdiction; nor, in another paragraph, that defendant did not pay a certain mortgage, and that on a certain date a certain sum was due thereon; nor, in another paragraph, the death of one of the joint warrantors, demand of payment, refusal of payment, and the law of another jurisdiction.

2. In pleading the law of another jurisdiction, plaintiff must aver it in such a manner that the court can determine with certainty, distinctness, accuracy and ease, unaided by other allegations in the pleadings, the exact rule of law, together with its provisos, limitations and exemptions, if any there be. This does not necessarily require pleading the very words of the law, but, if the law be statutory, it would seem to be comparatively easy to plead the statute *ipsissimis verbis*, and if the law be decisional, the substance of the decision, not necessarily in the language of the court, should be set forth.

*Assumpsit.* Rule to strike off plaintiff's amended statement. C. P. Lehigh Co., Jan. T., 1922, No. 55.

*Butz & Rupp*, for plaintiff.

*Richard W. Iobst* and *Calvin E. Arner*, for defendant.

Reno, J., Dec. 18, 1922.—We are again called upon to determine the sufficiency of plaintiff's statement, and for the third time required to hold that it is defective. We shall soon be impelled to believe that the skill of the pleaders is more in question than the justice of litigant's claims: *Cf.* Rhodes v. Terheyden, 272 Pa. 397. We indulge the fervent hope that, notwithstanding our apparent failures heretofore, we shall be able to clarify the atmosphere so that a sustainable statement may be filed.

Unquestionably the Practice Act of May 14, 1915, P. L. 483, designed to promote simplicity of pleading, is not to be construed as requiring "the minutest possible sub-division of every allegation into its least possible analysis of statement in a single paragraph:" Fuel Oil Co. v. Clarendon Refining Co., 29 Dist. R. 805. For, after all, it is not the inclusion of several allegations in the same paragraph which is prohibited, but the inclusion of more than one material allegation: Wolfe v. Best, 9 Lehigh Co. L. J. R. 383. But even

this liberal construction of the provisions of the act will not justify pleading plaintiff's want of knowledge, defendant's failure to communicate material facts, reliance upon representations and warranties, the right to rely upon such representations and warranties, and the state of law in another jurisdiction in a single paragraph. Yet this is precisely what plaintiff has included in the fourth paragraph of his amended statement. In the fifth paragraph he avers that defendant did not pay a certain mortgage, and that on a certain date a certain sum was due thereon. In the seventh paragraph he avers the death of one of the joint warrantors, demand of payment, refusal of payment and the law of the State of New Jersey. Further exposition is not necessary to show that the statement palpably violates the Practice Act, but our failure to comment upon all of the violations is not to be construed as an endorsement of those not here specifically mentioned. The pleader, aided by these observations, and in the light of the numerous authorities which construe the act, should entirely redraft his statement.

It is also apparent that the averment, wherein is set forth the law of New Jersey, is merely the pleader's conclusion of the meaning and effect of that law. He alleges in the fourth paragraph of the statement, to which we have already referred, that: "Fourth. That the plaintiff had no knowledge of the existence of the said mortgage at the time of the conveyance to him by the defendant of the said premises, and was not informed thereof by the defendant or by any other person, but that, as to any and all liens and encumbrances upon the said premises, he relied wholly upon the representations, covenant and warranty made and given by the defendant, as expressly set forth and contained in the said deed, as he had a right to do under the law of the State of New Jersey, which gives the grantee in a deed of conveyance, with a covenant against record encumbrances, the right to recover damages for any expense incurred upon payment of debt or interest secured by an underlying unsatisfied mortgage without being compelled to wait for eviction or disturbance."

It will be observed that the pleader here asserts, not what the law of New Jersey is, but the extent and nature of the right accruing to plaintiff by reason of that law and of its application to the facts in this case. He does not pretend to recite the law of New Jersey, but avers a right growing out of that law when applied to the facts of this case. In other words, he is pleading his conclusion or inference of the law, and whether he is required, when pleading the law of another state, to plead it *in hæc verba*, is presently beside the point. It may well be that our authorities do not require the pleader to set out the law of another jurisdiction in the very words of the law, but it is equally true that no court will allow a party to plead as the law a resultant attained by the application of the party's processes of reasoning to the law and the facts of the case. So that when a party relies upon the law of another jurisdiction, he must plead in such manner that a court can determine with certainty, distinctness, accuracy and ease, unaided by other allegations in the pleadings, the exact rule of law, together with its provisos, limitations and exemptions, if any there be: 36 Cyc., 1240. This does not necessarily require pleading the very words of the law, but if that law be statutory, it would seem to be comparatively easy to plead the statute *ipsissimis verbis*, and if the law be decisional, the substance of the decisions, not necessarily in the language of the court, should be set forth. Unless the pleader does this he is quite apt to plead his own conception of the law as applied to the facts of his case, and such pleading is indubitably a mere conclusion or inference which no court

will accept as the basis of its action. It follows from what we have said that the statement is further defective, in that the allegations of law of the State of New Jersey are not properly averred.

Now, Dec. 18, 1922, the motion to strike off plaintiff's amended statement of claim is sustained and leave is granted to plaintiff to file a new statement of claim within fifteen days upon service of a copy of this order upon plaintiff.

From James L. Schaadt, Allentown, Pa.