## Wanamaker's Administratrix v. Beamesderfer.

*Two suits for same claim—Res adjudicata—Statutory demurrer—Affidavit of defence—Practice Act of May 14, 1915.*

1. Section 3 of the Practice Act of May 14, 1915, P. L. 483, abolishes pleas in abatement and provides that "defences heretofore raised by these pleas shall be made on an affidavit of defence." This, however, does not mean an affidavit of defence raising a question of law, but the general affidavit of defence provided for by the act.

2. An affidavit of defence raising a question of law on the ground that a suit on the same cause of action had been previously brought in another jurisdiction and is still pending cannot be considered by the court. This is a matter of defence which must be established by competent evidence upon the trial of the cause.

3. A statutory demurrer only disposes of questions arising out of the sufficiency of the statement to sustain the action.

4. Judgment will not be entered on a point of law raised by affidavit, where the material facts on which the defendant relies to sustain the question of law do not appear on the face of the statement.

Affidavit of defence raising question of law. C. P. Lancaster Co., Oct. T., 1923, No. 25.

*Herr & Ripple* and *Metzger & Wickersham*, for plaintiff.
*John E. Malone*, for defendant.

LANDIS, P. J., Jan. 17, 1925.—The Practice Act of May 14, 1915, § 20, P. L. 483, declares that "the defendant in the affidavit of defence may raise any question of law without answering the averments of fact in the statement of claim, and any question of law so raised may be set down for hearing and disposed of by the court." In Rhodes v. Terheyden, 272 Pa. 397, it is said that "the question to be decided under section 20 of the act, which provides only 'a substitute . . . for the common law demurrer' (Hutchinson Baking Co. v.

Wanamaker's Administratrix *v.* Beamesderfer.

Marvel, 270 Pa. 378, 381), is not whether the statement is so clear in both form and specification as to entitle plaintiff, without amendment, to proceed to trial, but whether upon the facts averred it shows as a 'question of law' that plaintiff is not entitled to recover." To the same effect is our own case of Watterson *v.* Haefner, 38 Lanc. Law Rev. 443. I, therefore, do not think that the questions suggested by the defendant can be considered in an affidavit of defence raising a question of law. There is nothing on the face of the statement to show that there are two actions pending against the defendant. The statutory demurrer only disposes of questions arising out of the sufficiency of the statement to sustain the action, and the statement in this case is not alleged to be insufficient of itself in any respect. In Good *v.* Intercourse Electric Light Co., 38 Lanc. Law Rev. 355, we held that judgment will not be entered on a point of law raised by affidavit where none of the material facts on which defendant relies to sustain the question of law appear on the face of the statement. I cannot see how a final decision can be entered against the plaintiff.

In Krider *v.* Lafferty, 1 Wharton, 303, Kennedy, J., delivering the opinion of the court, said: "If two actions be brought for the same cause at the same time by the plaintiff against the defendant, he may plead the one in abatement of the other, and by this means abate them both. . . . But if one action be commenced before the other, the defendant may abate the second by pleading the pendency of the first; and unless he plead it in abatement, he cannot take advantage of it, because it forms no bar to the plaintiff's right of action, and, therefore, cannot be given in evidence under the general issue or any other plea in bar. Beyond, however, the vexation of having two suits on hand to attend to at the same time, the defendant cannot be prejudiced; because after a trial and judgment rendered in one of the actions, no matter if it be the first or the second in respect to the time of its commencement, he may plead such judgment *puis darrein continuance,* in bar of the other, and thus protect himself against all liability in it: Garvin *v.* Dawson, 13 Serg. & R. 246."

In Knight *v.* Cooley & Dimas, 39 Lanc. Law Rev. 142, Strouss, P. J., delivering an opinion upon a somewhat similar question, said: "The above reasons are thus sought to be interposed as a bar to the jurisdiction of the justice. It is the contention of the defendant that, because of two prior suits, . . . the plaintiffs in the present action cannot maintain their action. This contention, necessarily, is based upon the doctrine of *res adjudicata,* and, if sufficiently pleaded and successfully established, would be a bar to the recovery of the plaintiff upon the trial of the cause in this court. The plea is not to the jurisdiction of the justice of the peace, but is a matter of defence upon the trial of the cause, and must be established by competent evidence the same as any other matter of defence. Nor is the subject-matter *res adjudicata,* unless there has been a trial after hearing of the matters in controversy and a judgment pronounced upon the issues."

Section 3 of the Practice Act of 1915 declares that pleas in abatement are abolished, but then provides that "defences heretofore raised by these pleas shall be made in the affidavit of defence." This does not mean an affidavit of defence raising a question of law, but the general affidavit of defence provided for by the act.

I am of the opinion that the question of law suggested must be decided against the defendant, with leave to him to file a supplemental affidavit of defence to the averments of fact of the statement within fifteen days of the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.