## Moyer v. Blue Mountain Electric Company.

*Practice C. P.—Practice Act—Plaintiff's statement of claim—Motion to strike off—Rule for more specific statement—Statutory demurrer.*

1. The motion to strike off a statement of claim is directed at the non-conformity of the statement with the requirements of the Practice Act. If the statement be not sufficiently specific, the remedy is a rule for a more specific statement. If it fails to set forth a legal cause of action, the statutory demurrer should be used.

2. A statement for negligently maintaining high tension wires which came in contact with wires entering plaintiff's house, whereby the house was set on fire, analyzed.

Rule to show cause why plaintiff's statement should not be stricken from the record. C. P. Berks Co., April T., 1926, No. 46.

*C. H. Ruhl*, for defendant and rule; *Robert Grey Bushong*, contra.

SCHAEFFER, P. J., June 26, 1926.—The defendant has moved to strike from the record the plaintiff's statement of claim for two reasons: (1) That the statement is too indefinite in that it does not allege where the contact of defendant's high tension wires with the electric wires entering plaintiff's house took place; and (2) that the plaintiff's allegations of defendant's negligence are not sufficiently specific because they do not set forth in what respect the defendant failed to maintain its lines in reasonable and safe condition, or to make careful inspection of the line, and do not set forth that there was any breaking of defendant's high tension lines or that the transformer maintained by defendant was in any wise imperfect or out of repair.

The motion to strike off a statement of claim is by its nature, under our practice, directed at the non-conformity of the statement with the requirements of the Practice Act: Rhodes *v.* Terheyden, 272 Pa. 397, 401. If the statement be not sufficiently specific, the defendant should take a rule for a more specific statement; if it fails to set forth a legal cause of action, the statutory demurrer should be used: Amram's Practice Act of 1915, Third Edition, 100.

The Practice Act requires a statement of claim to be "as brief as the nature of the case will admit," and provides that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies . . . but not the evidence by which they are to be proved, or inferences, or conclusions of law."

Moyer *v.* Blue Mountain Electric Company.

Does the statement here in question conform to these requirements? We are of the opinion that it does not.

The averment that the defendant failed "to maintain its lines in reasonably safe condition" amounts to a conclusion rather than a statement of fact. It is true that the fourth paragraph of the statement contains an allegation that the defendant's high tension wires came into contact with wires entering plaintiff's house, by reason of which the plaintiff's house was set on fire, but we, nevertheless, have no statement of the facts which rendered the lines, as maintained, not reasonably safe. The statement does not tell us whether the high tension wires came into contact with the wires entering plaintiff's house by reason of original faulty construction, sagging, breaking or other means. Nor is there any allegation, except by inference, that the contact occurred near the plaintiff's premises. Was the condition which resulted in the contact of the wires one which a prior careful inspection of the line would have disclosed? Was the transformer out of repair or in any way imperfectly constructed? Could the damage by fire have been prevented by a proper transformer? These are material facts of which the defendant is entitled to be advised in order to prepare for its defence upon the trial, even if it does not file an affidavit of defence. See Welsh *v.* Marietta Hollow Ware, &c., Co., 30 Dist. R. 970; Welsh *v.* Marietta Hollow Ware, &c., Co., No. 2, 30 Dist. R. 1036; Grumley *v.* Pellegrino, 4 D. & C. 205; Automotive Stores Corporation *v.* Leachey, 6 D. & C. 210; King *v.* Brillhart, 271 Pa. 301.

And now, June 26, 1926, the rule to show cause heretofore granted is made absolute, with leave to the plaintiff to file a new or amended statement of claim in conformity with the foregoing opinion.

From Charles K. Derr, Reading, Pa.