## Flick v. Evans Electrical Company.

*Sale—Breach of warranty—Recovery of purchase price—Insufficiency of statement—Affidavit raising question of law—Practice Act of May 14, 1915.*

1. If a statement of claim does not conform to the Practice Act of May 14, 1915, P. L. 483, the defendant should move to strike it off.

2. If it does conform to that act, but is not sufficiently specific, the appropriate remedy is a rule for a more specific statement, followed by a motion for a *non pros.*

3. The question to be decided under section 20 of the Practice Act is not whether a statement is so clear in both form and specification as to entitle the plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows as a question of law that the plaintiff is not entitled to recover.

4. Where a doubt exists, it should be resolved in favor of refusing to enter a final judgment.

5. In this case, while the statement was insufficient, the question of law was improperly raised by affidavit and should be decided in favor of the plaintiff.

Affidavit of defense raising question of law.  C. P. Lancaster Co., Nov. T., 1926, No. 67.

*John N. Hetrick, George T. Hambright* and *John E. Malone,* for plaintiff.

*Charles W. Eaby, K. L. Shirk* and *John A. Coyle,* for defendant.

LANDIS, P. J., April 16, 1927.—On May 10, 1924, an agreement was entered into between the plaintiff and the defendant, whereby the defendant agreed to "provide all the materials and to perform all the work shown on the drawings and described in the specifications, entitled: One (1) No. 60 Sentinel Refrigerating Plant.  One (1) No. 92 Bantam Refrigerator complete with freezer coils.  One (1) No. D Bantam six (6) hole cream cabinet.  All installed for operation, less sewer and water connections."  The plaintiff agreed to pay the defendant for the same $1398, "subject to additions and deductions as provided in the general conditions of the contract, and to make payments on account thereof as provided therein, as follows: Three hundred and fifty dollars with order, balance due and payable ten days from installation.  This proposal is made with the understanding that the drawings, specifications,

Flick v. Evans Electrical Company.

terms, etc., above referred to, are sufficient; that the undersigned shall not be liable for any delays or damages caused by accidents, strikes, inclemency of the weather, the acts of the architect, engineer or other contractors, or any causes beyond its control, and that, unless otherwise herein provided, the above-mentioned sum or sums are due and payable upon the completion of the work for which it or each one respectively is the consideration."

On the same day, another agreement was entered into, whereby the defendant agreed to "provide all the materials and to perform all the work shown on the drawings and described in the specifications entitled: Addenda to Refrigeration Contract, Water Cooler Complete for Drinking Purposes. The owner agrees to pay the contractor in current funds for the performance of the contract ($50.00) fifty dollars." The further conditions were the same as those stipulated in the first contract.

No drawings have been attached to the statement, but the specifications provide that the "purchaser is to place machine in the room of building it will occupy;" that "the satisfactory operation of the equipment is contingent upon the purchaser furnishing plentiful supply of water and electricity of the proper characteristics at all times;" that "there are no understandings, verbal, that have not been written in this proposal;" that "the equipment to be known as No. 60 Sentinel Full Automatic Refrigeration machine as manufactured by Sentinel Refrigerator Machine Company;" that "the refrigeration is to be applied to large refrigerator and cream cabinet which will be furnished by the contractor. Refrigerator to be Banta No. 92—Four-door style. Size, 48" x 28" x 60". Cream cabinet to be Banta D—Six Holes—5 Gal. each. Motor: D. C. as R. P. M. 1750. H. P. ½ of motor. Belt, Idler of design, which reduces wear on the belt and prevents slipping. Automatic controllers are built into the machine, assuring positive operations, which also minimizes power consumption and delivers a more even temperature in refrigerator. Condenser coils being built in the machine eliminate large number of joints which competitive machines use. This feature, therefore, reduces leakage. Safety valves: A patented and ingeniously designed safety valve embodied in the piston head allows the dangerous high pressures to circulate back through the machine and not be exhausted into the building. Oiling system: The splash system is used and the oil level is maintained above crank shaft bearings and must never drop below this point, as this makes an oil seal which prevents the crank case gases from escaping along the crank shaft. Ammonia tank: The ammonia tank is made of cast steel thoroughly tested to 500 lbs. per square inch, and being built into the base of the machine eliminates excessive weight and floor space. Water and waste lines to be installed by owner within fifteen feet of machine. Electric power wiring to be installed by the Evans Electrical Company."

The machines were duly installed, and the plaintiff paid to the defendant apparently on the said contract the sum of $1398. She has now brought suit to recover back the sum thus paid, with the exception of a small credit, and also certain damages which she alleges were occasioned. The statement alleges that the machines were to be installed in the plaintiff's candy store and ice cream parlors, No. 138 North Duke Street, Lancaster, Pa.; that the said refrigerating plant did not work satisfactorily, and the plaintiff immediately notified the defendant to that effect; that the defendant made certain changes therein, and the plant still continued to operate unsatisfactorily; and, finally, on or about July 12, 1925, the plaintiff notified the defendant to remove it and pay back the original cost and all damages suffered by her, and upon its failure to do so, she sold the plant for $65.

Flick v. Evans Electrical Company.

Under the agreements made, the defendant was to install certain designated machines. It is nowhere averred that it did not do so. It did not agree that they must be satisfactory to the plaintiff. The only undertaking in this regard was that "the drawings, specifications, terms, etc., . . . are sufficient." It is clear to me that the statement is insufficient, without considering the question of damages, much of which does not arise in contracts such as this. We, however, think that we cannot at this time enter a judgment for the defendant. In Rhodes v. Terheyden, 272 Pa. 397, it was held that if a statement of claim does not conform to the provisions of the Practice Act, the defendant should move to strike it off. If it does conform to that act, but is not sufficiently specific, the appropriate remedy is a rule for a more specific statement, followed by a motion for a *non pros*. The question to be decided under section 20 of the act is not whether a statement is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows as a question of law that the plaintiff is not entitled to recover. Where a doubt exists, it should be resolved in favor of refusing to enter a final judgment. See, also, Long v. McAllister, 275 Pa. 34.

We, therefore, decide the question of law raised in favor of the plaintiff, not because we think the plaintiff's statement is correct, but because the defendant has not raised the question in the proper way.

Question of law decided in favor of plaintiff.

From George Ross Eshleman, Lancaster, Pa.