## Fulton v. Arnold.

*Practice Act, 1915—Plaintiff's statement—Clarity and conciseness—Striking off—More specific statement.*

1. Unless a party can affirmatively show that, by the failure of his adversary to comply literally with the provisions of the Practice Act of May 14, 1915, P. L. 483, he is actually and in fact, not fancifully or theoretically, injured or prejudiced by a pleading, or that the preparation of an adequate answer is rendered more than ordinarily difficult, or the preparation for trial upon the merits is rendered unduly perplexing, or that a failure of justice may result, motions to strike off will be overruled.

2. In an action in trespass where defendant is not obliged to file an affidavit of defense unless he relies upon an affirmative defense, if he fails to allege that he intends to answer plaintiff's statement and is embarrassed in preparing his answer, a motion to strike off the statement will be refused.

3. If a statement is not sufficiently specific, the remedy is not through a motion to strike off, but by a rule for a more specific statement.

Motion to strike off plaintiff's statement. C. P. Lehigh Co., April T., 1927, No. 64.

*Dallas Dillinger*, for plaintiff.

*Robert G. Kleckner*, for defendant and motion.

RENO, P. J., June 6, 1927.—Here is a case which aptly illustrates how the Practice Act of 1915 operates "to simplify pleading and expedite cases." Instead of simplifying pleading, it has immeasurably complicated it; so far from expediting cases, it has clogged the judicial processes. Without promoting justice, it encourages quibbling with technical niceties; instead of speeding cases, it halts them and subjects them to preliminary examination for the uncrossed "t" and the undotted "i." Form is exalted above substance, and the administration of justice, ostensibly a consecrated search for truth, is debased to ignoble raking in mucks of words and paragraphs. The judge is no longer an arbiter of law; he has become a schoolmaster, a professor of rhetoric, a critic of syntax, a fatuous referee between flatulent logomachists. Microscopic violations of rules of paragraph construction, fine-spun theories of grammar, delicate shades of verbal meanings, wordy discussions of differences between material facts and material allegations, the age-old conflict between Tweedledum and Tweedledee, are thrust upon his attention until he finds himself inhabiting a world of mere words, from which the realities of life and ideals of justice have been effectually excluded. The ancient schoolmen, solemnly speculating upon their universals, their quiddities, their categories, their predicables and such other metaphysical *hocus-pocus*, were no more absurd and not less futile than modern judges, ponderously appraising battology, perissology, anacoluthonics, dialectics and the other learned nonsense injected into the law by the rashly conceived and unskillfully drawn Practice Act. As a result, they are producing what, with all due deference, Francis Bacon said of similar effusions, "cobwebs of learning, admirable for the fineness of thread and work, but of no substance or profit."

The cause of action is *crim. con.* It is a trespass. Defendant is not obliged to file an affidavit of defence unless he relies upon an affirmative defence. Even so, he can set up his affirmative defence by an affidavit of defence which does not specifically answer the allegations of the statement. Yet, without averring that he intends to answer the statement and is embarrassed in preparing his answer, he complains most stridently of plaintiff's statement and moves to strike it off.

Fulton v. Arnold.

He avers that plaintiff's statement is vague, uncertain and ambiguous; that it is not in a concise, summary and brief form; that it lacks particularity; that it contains evidence, inferences, conclusions, innuendoes and circumlocutions; that it is improperly paragraphed and that some paragraphs contain more than a single material allegation. In fine, defendant alleges that plaintiff has committed every offence possible under the Practice Act.

There is some force in his contention. The statement, not quite so defective as defendant charges, violates in some particulars the provisions of the Practice Act. But, although unskillfully drawn, this much is certain: defendant is charged with debauching plaintiff's wife. Hence, defendant is apprised of the nature of the charge against him. The primary object of all pleading has been accomplished. Shall we, nevertheless, condemn the statement because it fails to comply entirely with certain rigid, technical, artificial, legislative canons of pleadings? Must we condemn the pleading merely because it offends a legislative mandate without inquiring whether defendant has been or will be injured by it?

Plainly, defendant has not been injured; no judgment, interlocutory or definitive, has been entered against him. Nor will he be injured. Even if he decides to file an affidavit of defence (and it does not now appear that he intends to file one), he can readily frame an answer to every allegation in the statement, including the allegations grouped in one paragraph. What earthly injury has he suffered by the circumstance that he is accused of three acts of adultery in one paragraph? Would his position be any better if three paragraphs were devoted to that proposition? Would he encounter less difficulty if plaintiff, instead of dealing in polite, almost chaste, circumlocutions, had boldly and blandly called a spade a spade? Is his position better or worse because plaintiff periphrastically charges that defendant "did in those cities remain with the said Ottilla Fulton as the husband of Ottilla Fulton?" Of course, instead of resorting to weasel words, plaintiff should have averred that in the cities named defendant had carnal intercourse with plaintiff's wife; but we ask again, how is defendant injured by the pleading? Sufficiently apprised of the nature of the charge, he can file an adequate answer if he deems that step wise or necessary, and certainly he can prepare a defence for the trial. The errors are harmless, unprejudicial, *injuria absque damno*. His case is like a thousand others; his right to a technically correct pleading has been impinged, but no substantial right has been invaded. Hence, his case, like so many others, calls for the application of the "harmless error" doctrine, which, even if heretofore limited to cases in the appellate courts, should be, and inevitably must be, extended to the consideration *in limine* of motions to strike off pleadings.

Accordingly, and following *obiter dicta* in Schleicher v. Hunsicker, 10 Lehigh Co. L. J. 181; 4 D. & C. 309, we rule that unless a party can affirmatively show that by the failure of his adversary to comply literally with the provisions of the Practice Act, he is actually and in fact, not fancifully or theoretically, injured or prejudiced by a pleading, or that the preparation of an adequate answer is rendered more than ordinarily difficult, or the preparation for trial upon the merits is rendered unduly perplexing, or that a failure of justice may result, we shall overrule motions to strike off. In other words, a pleading will not be stricken off whenever a complaining party shows that his adversary has violated the letter of the act; he must show a resultant injury clearly, infallibly and positively. Until he does so, we shall, in the exercise of the judicial discretion palpably vested by the words "may strike from the record" (section 21), refuse such motions.

*Fulton v. Arnold.*

One would suppose that defendant's objection to the length and verbosity of plaintiff's statement would, at least subjectively, estop him from criticising it for omissions. But there are no such limitations upon defendant's critical powers. In one breath he demands brevity; with the next he requires particularity and specificity, sublimely indifferent to the essential contradiction involved. Thus, he complains because dates and even the hours of alleged clandestine meetings are not set forth, because the place where the plaintiff and his wife were married is not designated, because alleged gifts of jewelry and wearing apparel are not fully described; as though a masculine pleader could describe women's clothing concisely, summarily and briefly! Yet, if these factors had been fully developed, should we not have heard a complaint concerning the inclusion of evidence, a lack of conciseness, a breach of the requirement of brevity? Be that as it may, it is well settled that if the statement is not sufficiently specific, the remedy is not a motion to strike off, but a rule for a more specific statement: Rhodes *v.* Terheyden, 272 Pa. 397.

Now, June 6, 1927, the motion to strike off is overruled.

From Edwin L. Kohler, Allentown, Pa.