## Berlin v. Harvey et al.

*Scott Fink*, for plaintiff.
*A. C. Scales*, for defendants.

WHITTEN, J., April 5, 1935.—On July 19, 1932, the plaintiff, I. E. Berlin, filed a mechanic's lien at no. 12005, mechanics' lien docket, against certain property therein described, naming the defendants, Josiah T. Harvey, W. C. McAllister and his wife, as owners, or reputed owners, thereof.

On August 16, 1932, the plaintiff filed a written notice to the defendants of the filing of the said mechanic's lien with proof of service thereof upon the defendants.

On July 14, 1934, the plaintiff filed an affidavit as follows:

"Before me, a Notary Public in and for said County and Commonwealth, personally appeared I. E. Berlin, claimant above named, who, being duly sworn according to law, deposes and says that the correct name of the plaintiff is I. E. Berlin; the correct names of the defendants are Josiah T. Harvey, W. C. McAllister, Mrs. W. C. McAllister and James S. McHugh, owners or reputed owners; that said defendant, James S. McHugh, is the present owner of the real estate described in the Mechanics' Lien above referred to and that there remains due to plaintiff by said defendants, the sum of Four Hundred Two and 40/100 ($402.40) Dollars, with interest thereon from February 28, 1932."

On July 14, 1934, the plaintiff caused a writ of sci. fa. to be issued upon the said mechanic's lien.

On July 18, 1934, the sheriff made return of service of the said writ of sci. fa., as follows:

"To the honorable the judge within named: Made known July 18, 1934, to the within named, James S. McHugh, one of the owners or reputed owners, at Penn Township, Westmoreland County, Pa., personally, by handing him a true and attested copy of the within writ, and by making known to him the contents thereof, and at the same time I posted a true and attested copy of the within writ, on the most public part of the within described real estate. Mortuus est as to Josiah T. Harvey. Nihil habet as to W. C. McAllister and Mrs. W. C. McAllister, two of the within named owners or reputed owners."

December 17, 1934, James S. McHugh, by his attorney, filed a motion to quash the said writ of sci. fa. and set aside the service thereof for the following reasons:

"First: The writ of sci. fa. fails to comply with the Act of May 22, 1933, P. L. 845, sec. 1, in that an affidavit was not filed in accordance with said section 1.

"Second: That there was not served upon each defendant named in such writ with the writ a copy of such affidavit in accordance with section 2 of the Act of May 22, 1933, P. L. 845. . . .

"Fourth: The sheriff did not serve a copy of the affidavit as provided in sections 1 and 2 of the said act upon the said James S. McHugh.

"Fifth: The sheriff did not put a copy of the affidavit provided for in sections 1 and 2 of said act upon the premises."

On the same day, the court granted a rule upon the plaintiff to show cause why the said writ of sci. fa. should not be quashed and service set aside.

On December 17, 1934, A. C. Scales, Esq., entered an appearance in the above case, as follows:

"Enter my appearance for James S. McHugh de benne esse only, and only for the purpose of motion to quash writ of sci. fa. and set aside service in accordance with the rule this day granted. (signed) A. C. Scales, attorney for James S. McHugh."

On August 1, 1935, the plaintiff filed an answer to the motion, by James S. McHugh, to quash the writ of sci. fa. and set aside the service thereof, as follows:

"Denying the averments contained in the first paragraph of the defendant's petition;

"Admitting the averments contained in the third, fourth and fifth paragraphs of the petition; and,

"(2) The plaintiff admits that a copy of such affidavit was not served upon each defendant named in the writ of sci. fa. However, the plaintiff avers that on July 24, 1934, before the return day of the said writ and within six days after the writ of sci. fa. was served on the defendant, James S. McHugh, by the sheriff on July 18, 1934, A. C. Scales, attorney for the said James S. McHugh, obtained the original affidavit from the office of the prothonotary and signed a receipt therefor; that the said receipt is in the prothonotary's file for this proceed-

ing; and that the said original affidavit is still in the possession of the said A. C. Scales."

Neither the defendant, James S. McHugh, nor his counsel of record, has denied the averments contained in paragraph two of the plaintiff's answer, above quoted.

After careful consideration, the court is constrained to decide that the said affidavit filed on July 14, 1934, contains all the necessary averments prescribed by section 1 of the Act of May 22, 1933, P. L. 845, and no more, and that it complies in all respects with the said act of assembly.

However, it is to be noted that, whereas the statute provides, in section 5, that, "Failure upon the part of plaintiff to file with the præcipe for writ of scire facias affidavit provided for in section one hereof shall be ground for quashing such writ, upon notice", it does not provide for any such drastic penalty to the plaintiff, or provide expressly for any disposition of the writ, upon the sheriff's failure to serve copies of the affidavit on the defendants. If the legislature had intended writs of sci. fa. sur mechanics' liens to be quashed because copies of such affidavits were not served on defendants, it would have so provided.

Any notice or information which the legislature intended should be furnished to defendants by the service of copies of the plaintiff's affidavit was, in fact, obtained by the defendant's, James S. McHugh's, counsel in this proceeding within six days after the service of the sci. fa. on James S. McHugh, and prior to the return day. The writ was issued on July 14, 1934, and was returnable the first Monday of August 1934; the sheriff's return shows that the writ was served on James S. McHugh on July 18, 1934; and the prothonotary's file shows that on July 24, 1934, James S. McHugh's counsel obtained the original affidavit filed by the plaintiff and signed a receipt for it. No steps to enable the plaintiff to correct the technically defective service were taken by the defendant until in December 1934, long after the mechanic's lien expired

and after the time within which an alias sci. fa. might be issued.

It is admitted that the prothonotary did not attach to the said writ of sci. fa. a copy of the affidavit filed by the plaintiff on July 14, 1934; and that the sheriff did not serve upon the defendants a copy of such affidavit. However, the plaintiff did comply with the provisions of the act of 1933.

Moreover, the statute does not authorize the court to quash such a writ of sci. fa. for failure of the prothonotary to issue a proper writ, or for failure of the sheriff properly to serve such writ upon the defendants.

In the instant case, the defendant, James S. McHugh, purchased the land covered by the mechanic's lien, after the said mechanic's lien was filed. Therefore, when James S. McHugh purchased the said land he had constructive notice of the said mechanic's lien which was then filed of record.

It is also undisputed that, six days after the writ of sci. fa. was issued and before the return day thereof, the attorney for James S. McHugh withdrew from the record in the office of the prothonotary the said affidavit so as aforesaid filed by the plaintiff when the writ of sci. fa. was issued, to wit, July 14, 1934, and still retains the same.

On September 21, 1932, Josiah T. Harvey, one of the defendants, "on behalf of himself and the other alleged owners thereof", petitioned the court to strike off the said mechanic's lien on account of certain alleged technical defects therein; and on July 22, 1933, the court dismissed the said petition.

If the defendant, James S. McHugh, or any of the other defendants, has a meritorious defense to the enforcement of the said mechanic's lien, such defense, or any legal defense, may then be presented by the defendants at the trial of the case.

"Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in

favor of refusing to enter it": Rhodes v. Terheyden et al., 272 Pa. 397, 398.

In the above case, the Supreme Court, at page 402, speaking of the entry of summary judgment in doubtful cases, said:

" . . . the doubt should be resolved against entering summary judgment, the power so to do being intended only for clear cases . . . Any other conclusion would be a reversion to the practice,—common in ancient days, but happily not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims."

*Decree.*

And now, April 8, 1935, after argument by counsel, and upon careful consideration, it is ordered, adjudged and decreed as follows: That the motion by James S. McHugh to quash the writ of sci. fa. is hereby overruled, provided the plaintiff shall, within 15 days from this date, issue an alias writ of sci. fa. upon the said mechanic's lien to the end that the prothonotary may issue thereon a proper writ of sci. fa. in accordance with the Act of 1933, and in order that the sheriff may properly serve the said writ of sci. fa. upon all the defendants, as required by law.