## H. M. Bickford Co. v. Speigle, Appellant.

Argued November 29, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Robert A. Detweiler,* for appellant.

*A. Samuel Buchman,* for appellee.

OPINION BY MR. JUSTICE JONES, February 6, 1956:

These appeals are from a judgment for the plaintiff entered on the pleadings in an action of assumpsit for damages for the defendant's alleged breach of a written contract for the purchase and sale of a quantity of lumber.

Although the contract names as the respective parties thereto, The H. M. Bickford Co., a corporation, and McNeill Lumber Co., the plaintiff's complaint pleads as the defendant "Ralph G. Speigle, Individually and trading as McNeill Lumber Co. and Ralph G. Speigle & Company"; and the answer expressly admits the defendant's identity as so pleaded.

The contract was for the purchase by the plaintiff and sale by the defendant of a carload of tidewater red cypress lumber of specified quantity, grades, sizes and prices, f.o.b. Jacksonville, Florida, to be shipped to the plaintiff at New York City via named rail service. The defendant, in ostensible performance of the contract, shipped a carload of cypress lumber to the plaintiff at New York City. While the shipment was in transit, the defendant invoiced the plaintiff therefor at the prices specified for the grades and sizes called for by the contract. Before the shipment had arrived at the

point of destination in New York City, the plaintiff paid the defendant in full for the lumber at the prices, as inventoried, less the discount allowed by the contract. When the plaintiff subsequently received the shipment, the lumber was found not to measure up to the contract specifications either in grades or in average sizes of widths and lengths. The plaintiff thereupon rejected the shipment and promptly so notified the defendant, meanwhile placing the lumber in independent storage while awaiting the defendant's directions as to its disposition.

An express provision of the contract made the order for the lumber "subject to the Grading Rules and Sales Code of the S.C.M.A.", these initials being used to designate the Southern Cypress Manufacturers Association. Upon the plaintiff's rejection of the lumber, the defendant demanded that it be inspected by an official inspector of the Cypress Association. That was done and, in due course, the Association issued its written certificate of inspection, certifying that the lumber had been inspected by a named official inspector of the Association; the certificate also set forth the results of the inspection. A copy of the certificate of inspection was delivered to the defendant company which, in turn, sent a copy to the plaintiff together with a letter in behalf of the defendant which stated,—"The report speaks for itself, and I am at a loss to explain it. Please accept our sincerest apologies, and assurance that it was 'just one of those things that will happen.' Please advise what adjustment you feel equitable. Again let me express our regrets."

As the above concession of the defendant impliedly suggests, the inspection certificate plainly confirmed that the lumber failed to meet the contract specifications. More than half of it, in total quantity, was of grades admittedly inferior to what the contract con-

templated. And, the whole of the shipment fell far short of the required percentages of the overall averages of widths and lengths. Amicable settlement of the matter not having been made, the plaintiff instituted the present action to recover the sum which it had paid the defendant for the lumber, and in addition the freight, insurance and storage charges thereon as well as for the plaintiff's loss of profits on its intended resale of the lumber to a customer upon its arrival at New York City.

After a series of procedural preliminaries by way of objections, motion to strike objections, etc., the matter came before the court below on the merits as a result of separate motions by the respective parties for judgment on the pleadings which consisted of the plaintiff's complaint, the defendant's answer with new matter, the plaintiff's reply with new matter and the defendant's reply to the additional new matter.

The learned court below entered judgment for the plaintiff for the amount admittedly paid by it to the defendant for the lumber, with interest. The court did not allow the plaintiff anything for its claims, such as the freight charges which it paid on the shipment from Jacksonville, Florida, to New York City, or the insurance and storage. However, the plaintiff has not appealed; its right to such additional claims is, therefore, not before us.

In contesting the judgment entered for the plaintiff, the defendant reminds us that, as in all cases of summary judgments, a judgment on the pleadings may be entered only where it is clear that there are no material issues of fact, citing, inter alia, *Rhodes v. Terheyden*, 272 Pa. 397, 402, 116 A. 364, and *Kittaning Coal Company v. Moore*, 362 Pa. 128, 132, 66 A. 2d 273. The rule is a just one and has often been repeated.

However, when the present pleadings are so tested, there is no material averment of fact in issue; and the complaint pleads a good cause of action.

The only possible controversial matter to which the defendant points is the seeming discrepancy between the 14,619 board feet of lumber for which the defendant invoiced the plaintiff and the 13,565 board feet inspected by the Cypress Association's official inspector at the place of storage of the lumber in New York a few weeks after its arrival there. The defendant contends that if the shipment contained 1,054 board feet more than what the official inspector inspected and such additional lumber was sufficiently over average in required widths and lengths, the shipment as a whole might thereby have met the contractually required percentage of the designated average widths and lengths. Apart from the defendant's self-serving statement in its invoice, which, on the basis of the official inspector's certificate, was obviously specious, nowhere throughout the pleadings has the defendant averred that it shipped more lumber than what is shown by the official inspector's certificate.

As to the defendant's motion for judgment on the pleadings, which the learned court below refused, the appellant argues that the plaintiff's complaint was deficient in that, while the contract was expressly subject to the grading rules of the Southern Cypress Manufacturers Association, the plaintiff failed to plead in verbatim detail Rule 42. The plaintiff, of course, freely concedes that the order for the lumber was subject to the Cypress Association's grading rules but denies that, as a matter of pleading, it was required to quote in its complaint one particular rule, especially when some of the grading rules other than the one upon which the defendant insisted were applicable to the controversy. With that, we agree. The plaintiff was not re-

quired to plead evidence; the grading rules were available for reference. In any view, there is no merit in the appellant's contention. Rule 42 had no special pertinency to the established facts of this case. The shipment as a whole failed to meet the required percentages of the contract specifications. No part of the lumber needed, therefore, be retained and paid for by the plaintiff.

There is one slight particular in which the order of the learned court below entering judgment for the plaintiff needs be corrected. In addition to entering judgment for the amount paid by the plaintiff to the defendant for the lumber, with interest, the order purported to reserve to the plaintiff leave to proceed for the balance of its claim. That cannot be done. It is not a case of taking judgment for an amount admitted to be due by the defendant's affidavit of defense with leave to proceed for the balance. No amount is admitted to be due the plaintiff whose entire claim is controverted. The judgment entered must, therefore, be dispositive of all issues raised or that could have been raised. The elimination of the leave to proceed further will hardly cause the plaintiff any considerable additional loss. As the pleadings stood, the plaintiff was not in position to claim special damages such as loss of profits on its anticipated resale of the lumber to a New York customer.

On the other hand, the defendant has fared better than it possibly should have. But, as already indicated, the plaintiff has not appealed, presumably being satisfied with its recoupment of what it paid the defendant for the lumber, with interest, rather than prolong the litigation in order to press additional claims such as its claims for the freight, insurance and storage charges on the rejected lumber.

The leave granted the plaintiff in the order entering the judgment to proceed for the balance of its claim is hereby vacated, and the judgment is accordingly affirmed.