## Fawley v. Hessin.

*Wolf, Block, Schorr & Solis-Cohen,* for plaintiff.
*C. W. Van Artsdalen,* for defendant.

MARTIN, P. J., July 23, 1928.—Plaintiff agreed to make alterations in a building, situate at 1601 Wallace Street, Philadelphia, owned by the defendant. Plans and specifications accompanied the contract. Plaintiff was to be paid $9935, subject to additions and deductions provided for in the contract.

It was agreed that the work should be done under the direction of J. Warren Meyers, architect. Eighty-five per cent. of the compensation was to be paid within fifteen days after the completion of all the work under the contract and the delivery by the contractor to the owner of a certificate of the architect certifying that the same had been completed, and a full and complete release of liens; and the balance of 15 per cent. to be due and payable by the owner to the contractor within sixty days after the delivery of such certificates by the contractor to the owner.

The contract provided that no alterations should be made in the work except upon written order of the architect; the amount to be paid by the owner and allowed by the contractor by virtue of such alterations to be stated in the order.

Plaintiff performed extra work and labor and supplied extra materials, for which he claimed $1669.01. He was paid $7300 on account, and instituted this suit to recover a balance of $4304.01 claimed to be due.

An affidavit of defense raising questions of law was filed, alleging that the statement of claim failed to aver that the contractor had delivered to the owner a certificate of the architect certifying the completion of the contract, or a release of liens; and a further ground alleged that it did not appear in the statement of claim that the extra work was performed upon the written order of the architect, showing the amount to be paid by the owner.

Plaintiff claims that the owner waived the right to demand the production of the architect's certificate and release of liens in a letter he sent to plaintiff, dated Dec. 24, 1925, in which he wrote: "In accordance with our understanding, you are to receive $8500 from the settlement of certain mortgages at the Land Title & Trust Company, on account of the amount due you under the contract for alterations to 1601 Wallace Street, Philadelphia, Pennsylvania, and whatever balance may be due on the contract, plus any adjustments for alterations or omissions, which amount has not yet been settled, shall be paid you within sixty days from the date hereof."

Plaintiff endorsed at the bottom of this letter, "I hereby accept the above," and signed his name.

Attached to the statement of claim are copies of correspondence between plaintiff and J. Warren Meyers, which plaintiff claims comply with the requirements of the contract under which he was authorized to perform extra work. Defendant claims that these letters are not in proper form to bind him for extra work under the terms of the contract.

It is not denied that the work called for by the contract and the extra work were completed by plaintiff and accepted by defendant.

The statement of claim alleges that the work was completed on or about Dec. 21, 1925, and that defendant promised to pay plaintiff in the letter of Dec. 24, 1925.

The Act of March 30, 1925, P. L. 84, amending section 2 of the Practice Act of May 14, 1915, P. L. 483, provides that "Every allegation of fact in plaintiff's statement of claim . . . not denied specifically or by necessary implication in the affidavit of defense . . . shall be taken to be admitted."

If the case proceeds to trial, plaintiff will be compelled to prove that he complied with the terms of the contract, or that defendant waived the requirement for the production of the architect's certificate and release of liens, and that the extra work was done under orders that conformed to the requirements of the contract, unless waived by defendant.

"It is error to enter judgment for defendant on points of law raised in an affidavit of defense, unless it appears from the statement of claim itself, 'as a question of law,' that plaintiff is not entitled to recover:" Morris & Bailey Steel Co. v. Bank of Pittsburgh, 277 Pa. 81.

"Where, as here, plaintiff's statement makes a *prima facie* case, he cannot be turned out of court upon demurrer thereto:" Scranton Axle and Spring Co. v. Scranton Board of Trade, 271 Pa. 6, 9.

"Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it:" Rhodes v. Terheyden, 272 Pa. 397.

To enter judgment for defendant on this motion would result in enabling defendant to enjoy the product of plaintiff's labor and expenditure without compensation.

The case is one in which the controversy may be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings: Moy v. Colonial Finance Corp., 279 Pa. 123.

And now, to wit, July 23, 1928, the affidavit of defense raising questions of law is not sustained, and defendant is given fifteen days to file a defense to the averments of fact in the statement of claim.