Rice et ux., Appellants, v. Scranton.

Argued April 12, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Clarence Balentine,* of *Kelly, Balentine, Fitzgerald &
Kelly,* for appellant.

*A. A. Vosburg,* City Solicitor, with him *Albert S.
Rosenberg,* Assistant City Solicitor, for appellee.

PER CURIAM, May 1, 1933:

On April 4, 1929, about 4:30 p. m., Mrs. Rice, on
leaving a grocery store on Main Street in defendant city,
stepped into a hole in the sidewalk in front of the store,
causing her to fall and receive the injuries here com-
plained of. An affidavit of defense was filed "raising
questions of law" and averring the statement of claim is
vague and indefinite and shows on its face that plain-
tiff was guilty of contributory negligence. The court
below sustained this contention and entered judgment
for defendant. In so doing we are of opinion error was

committed. This case comes clearly within the rule stated in Rhodes v. Terheyden, 272 Pa. 397. In holding that summary judgment should be entered only in clear cases, we there (page 401) said: "If appellee was of opinion the averment of the statement did not 'conform to the provisions' of the Practice Act of May 14, 1915, P. L. 483, he should have moved to strike it off, as provided by section 21. If he believed it did 'conform to the provisions' of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion for a non pros., if the court made his rule absolute and its order was not complied with (King v. Brillhart, 271 Pa. 301, 305); this practice still obtains, notwithstanding section 21 of the act, which 'is not intended to provide a new or exclusive remedy, applicable to defective pleadings; it is simply a general enabling provision to be read in connection with the rest of the act': Parry v. First Nat. Bank of Lansford, 270 Pa. 556, 560."

The judgment of the court below is reversed with a procedendo, and leave granted plaintiffs to amend their statement and defendant to reply thereto.