## Weaver v. Lancaster Bone Fertilizer Company

*J. Farrel Garvey*, for plaintiffs; *Charles W. Eaby*, for defendant.

SCHAEFFER, J., October 6, 1934.—This is a suit in assumpsit to recover $106 costs, deducted by the sheriff from a certain fund realized from the sale of personal property on an execution. The plaintiffs in the instant case were claim-

ants to that fund in two separate interpleader proceedings, and verdicts were rendered in their favor. The defendant admits liability for costs, but has taken the position that costs should have been taxed first by the prothonotary and that an execution should have been issued thereon. Defendant also contends that this action of assumpsit is not the proper procedure. This and other questions involved were disposed of by an opinion filed by this court on February 4, 1933, pursuant to a rule for judgment for want of a sufficient affidavit of defense: 43 Lanc. 593. The court held that this action of assumpsit could be maintained and that the affidavit of defense filed was in the nature of a statutory demurrer. The court in its opinion said: "Under Section 17 of the Practice Act of 1915 it is not mandatory to enter a summary judgment against defendant but a supplemental pleading may be filed and served. Hence, defendant is allowed fifteen days to file a supplemental affidavit of defense."

The defendant has not filed a supplemental affidavit of defense and states that he is unable to do so. There are really no questions of fact involved in the matter at issue. It is a question of law, based on record facts, which presents itself for the court's determination. Plaintiffs had filed a motion for judgment for want of a sufficient affidavit of defense and now have filed a motion for want of a supplemental affidavit of defense. Defendant raises two questions: (1) What right has the court to allow the defendant 15 days to file a supplemental affidavit of defense; and (2) what right has the court to enter judgment for want of a supplemental affidavit of defense.

The courts look with favor upon amendments and supplemental affidavits, if consistent with existing law, to try out the true issue and to do justice between the litigants. Generally, a supplemental affidavit of defense may be filed without leave of court, and there is no provision for a supplemental affidavit of defense in the Practice Act of May 14, 1915, P. L. 483, except in section 20, which provides: "If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just. If the court shall decide the question of law, so raised, against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days."

In Morris & Bailey Steel Co. v. Bank of Pittsburgh, 277 Pa. 81, 85, the court said: "As provided in section 20 of the Practice Act of May 14, 1915, P. L. 483, defendant will be entitled to file a supplemental affidavit of defense within fifteen days after the return of the record: Pottash v. Hartenfeld Bag Co., 267 Pa. 96."

In Shifferstine et al. v. Sitler et al., 264 Pa. 290, it was decided that where the affidavit of defense raises questions of law the court cannot, on finding the questions of law in favor of plaintiff, enter a summary judgment in his favor, but must give the defendant an opportunity to file a supplemental affidavit of defense to the averments of fact of the statement under the Practice Act of 1915. In that case, final judgment was entered for failure to file a supplemental affidavit of defense.

And now, October 8, 1934, for the reasons stated herein and in the opinion filed in this matter on February 4, 1933, the court makes absolute the rule for judgment for want of a supplemental or sufficient affidavit of defense and hereby enters judgment in favor of plaintiffs and against the defendant in the sum of $106. From Lancaster Law Review.