## McBeth v. Gross

*William J. MacCarter, Jr.,* for plaintiff.
*Paul Lane Ives,* for defendant.

MacDade, J., December 5, 1940.—This matter, which is an action in trespass for damages arising from an automobile collision, is before the court on a rule to show cause why the statement of claim should not be stricken off because of noncompliance with the Practice Act of May 14, 1915, P. L. 483.

The reasons assigned for the granting of the rule to show cause why the statement of claim should not be stricken off because of noncompliance with the Practice Act of 1915 are as follows:

1. The statement of claim does not comply with the provisions of the Practice Act, in that it contains an averment in paragraph 5 thereof, which is not a material fact upon which plaintiffs rely for their claims, to wit:

"5. Defendant, Thomas K. Gross, was at the time of the events hereinafter complained of, protected by a policy

of public liability and property damage insurance, issued by the Keystone Automobile Club Casualty Company, a corporation."

2. The said averment of paragraph 5 is irrelevant and immaterial, and prejudicial to the rights of defendant.

### Questions involved

1. Does Pa. R. C. P. 2002 require the joining, as a party plaintiff, of plaintiff's subrogee insurance company as a real party in interest in a trespass action?

2. If it does so, should plaintiff be permitted to aver and prove the fact that defendant in such action is insured?

The Practice Act of 1915, sec. 5, provides that every pleading shall contain, and contain only, a statement of the material facts on which the party pleading relies for his claim.

Section 21 of the same act provides that the court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act.

A motion to strike off is the proper procedure where the pleading does not conform to the provisions of the act: Rice et ux. v. Scranton, 311 Pa. 534.

The averment of paragraph 5 of the statement of claim is not a statement of a material fact, because plaintiffs would not be permitted to offer proof of this averment upon the trial of the action: Lenahan v. Pittston Coal Mining Co., 221 Pa. 626; Curran v. Lorch, 243 Pa. 247.

In an opinion filed by President Judge Schaeffer of the Court of Common Pleas of Lancaster County on May 24, 1940, in Wolf et al. v. Gross, 38 D. & C. 413, it was held that the averment was proper and the statement of claim would not be stricken from the record. In that case, as in the case at bar, suit was brought by the individual plaintiff and his collision insurance carrier to recover damages to an automobile alleged to have been struck by a tractor and trailer operated by defendant. The statement of claim averred that defendant was protected by a policy

of property damage insurance issued by Commercial Casualty Company.

The court said (p. 414) :

"It is conceded by plaintiffs that prior to the adoption of the new Pennsylvania Rules of Civil Procedure 2001 to 2025, inclusive, governing actions by real parties in interest, the plaintiffs' statement of claim would not be self-sustaining." Thereafter the court goes on to say that if plaintiff were not insured and defendant is insured, plaintiff cannot aver or prove that defendant is protected by insurance, but if plaintiff is insured and must aver that fact under rule 2002, then the averment is proper.

It is obvious that the court overlooked the very important fact that rule 2002 applies only to the prosecution of actions by real parties in interest. It does not purport to declare the persons against whom action shall be brought. Thereby the court extended the rule to something which does not appear in it.

The court also overlooked the fact that plaintiff, in such cases as these, does not have a right of action in trespass against defendant's insurance carrier, and the actual joinder of an insurance company in the trespass suit would be highly improper. Thus, the ruling of Judge Schaeffer would put defendant's insurance company in the position of having the jury adjudicate its rights in a suit in which it is not and cannot be a party, but in which it is only "mentioned." This, said the court, "indicates a vigilant concern to have the jury function fairly and impartially." How can an insurance carrier or any other person be a real party in interest in a law suit where it cannot be a party at all, and in which it has no right of action, and no right of action exists against it or him in such suit? We think the Lancaster County case cannot be the law.

### Discussion

The narrow question raised by the rule to strike off the statement of claim here is based solely upon the interpretation and implication to be given Pa. R. C. P. 2002.

As to the first of the above questions involved, it has been undoubtedly the law that both plaintiff and defendant in a negligence case were precluded from disclosing that either party was insured. As to the situation here plaintiff is protected by collision insurance. Where the insurance company has an undoubted subrogation interest, it has been the interpretation of Pa. R. C. P. 2002 that, as subrogee, the insurance company was required to sue as a party plaintiff. This is based upon the premise that such an insurance company is a real party in interest.

The rule reads as follows:

"(a) Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another.

"(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise."

The decision of the Court of Common Pleas of Lancaster County in Wolf et al. v. Gross, supra, held that a subrogated insurance company must be joined as a party plaintiff whether or not defendant has insurance.

In a later consideration of the same question, the Court of Common Pleas of Fayette County, in Hemminger v. Johnson, 39 D. & C. 13 (1940), flatly held to the contrary, namely, that a plaintiff who carries insurance protecting himself against property damage is not required by rule 2002 to set forth the name of the insurance carrier as a party plaintiff unless and until he has assigned all or part of his claim against defendant to it. We are inclined to affirm this declaration and if it is not the law

it should be if "impartiality" is the watchword. This decision, of course, was based upon the view that the term "real party in interest" in such cases did not include the insurance company. The opinion argues that the insurance company may have some defense to a claim by plaintiff against it, and, if so, a common question of law or fact might not be the main proposition involved in a suit by plaintiff against defendant which joined the insurance company as coplaintiff. Of course, since an assignment by plaintiff to the insurance company would remove such question, the opinion states if such assignment be made the insurance company may be joined later with the original plaintiff under the provisions of rule 2004.

These two contradictory cases constitute, as far as the court has been able to ascertain, the only decisions upon the questions at bar.

The reasoning of President Judge Schaeffer in Wolf et al. v. Gross, supra, recognized the authority of the many Supreme and Superior Court decisions forbidding the introduction of evidence directly or indirectly, that defendant carried insurance, because the effect would be to excite prejudice. Judge Schaeffer recognized that "in some cases this new rule of procedure has created an anomalous situation". It provides for an insurance company to be joined as party plaintiff but not as a party defendant in an accident case. The decision held definitely that a plaintiff in a negligence case must include as a coplaintiff his insurance carrier.

We cannot concur in Judge Schaeffer's opinion (reluctantly found) that if plaintiff were insured then he could aver or prove that defendant is protected by insurance. Evidently the court overlooked the fact that rule 2002 applies only to the prosecution of actions by real parties in interest. It does not purport to declare the persons against whom action shall be brought. Judge Schaeffer (a very learned gentleman and a distinguished judge) extended the rule to something which does not appear in Pa. R. C. P. 2002.

How can any insurance carrier or any other person be a real party in interest in a law suit where it cannot be a party at all, and in which it has no right of action and none exists? If we wish to maintain our jury system on a high plane and have them function fairly and impartially we must exercise a vigilant concern to avoid such a situation as herein arises. This new rule of procedure, if its effect goes as far as defendant contends, creates an anomalous situation and perhaps produces a manifest inequality.

Rule absolute, the plaintiff to file an amended or supplemental statement of claim within 15 days.