Matsinger v. Proctor & Schwartz, Inc.

*Schnader & Lewis*, for plaintiff.

*Hepburn & Norris*, for defendant.

SMITH, P. J., April 24, 1942.—This matter comes before us on an affidavit of defense raising questions of law to a statement of claim filed by Maurice H. Matsinger, plaintiff.

When an affidavit of defense raising questions of law comes before a court, the only point to be decided is whether on the facts averred in the statement of claim it clearly appears as a matter of law that plaintiff is not entitled to recovery: Steel v. Levy, 282 Pa. 338. The statement of claim filed by plaintiff in this action is vague and indefinite as to the theory on which plaintiff is proceeding and, because of that condition, defendant has been misled in his interpretation of plaintiff's cause of action. The statement of claim can be construed to be a suit by plaintiff for a commission owing to him by defendant because defendant employed plaintiff as his agent to effect the purchase of a building for defendant. This theory would necessarily involve allegations in the statement of claim relating to a contract of employment between plaintiff and defendant and if no exclusive agency contract could be averred then plaintiff would have to allege that he produced a building, the owner of which was ready, willing, and able to sell to defendant. This is the theory that defendant thought plaintiff was attempting to present in his statement of claim. In this respect, defendant is under a misapprehension. Plaintiff is simply claiming that defendant made an offer to plaintiff requesting plaintiff to perform certain acts for defendant. Plaintiff alleges that, in consideration of his performance of these acts for defendant, defendant promised to submit any offer for a property which plaintiff had suggested to defendant, through plaintiff to the owner of the property so that plaintiff would have the opportunity to earn a commission from the owner of the building; that defendant

purchased a property submitted by plaintiff directly from the owner; and that defendant thereby breached his contract with plaintiff in that plaintiff was not given an opportunity to present an offer to the owner of the building and negotiate with him for the recognized real estate brokerage commission. In this statement of claim are all the elements of a unilateral contract. There is the offer by defendant, and the consideration promised by him; there is the allegation of fact setting forth the performance of the requested acts by plaintiff; there is the alleged breach of the completed unilateral contract by defendant; and there is a claim for the resulting damages. The fact that defendant may have not made such an offer, or promised such a consideration, or that plaintiff performed all the acts required by the alleged offer are questions of fact to be disposed of by the jury, and not to be decided in a proceeding for summary judgment. Plaintiff has presented a cause of action based on an alleged unilateral contract.

In many respects, this cause of action is vaguely and indefinitely set forth by plaintiff. However, in determining whether a judgment should be entered for defendant on his affidavit of defense raising questions of law, the question is not whether the statement of claim is so clear as to entitle plaintiff to go to trial without amending it, but whether on the facts averred it shows with *certainty* that the law will not permit recovery by plaintiff: Davis et al. v. Investment Land Co., 296 Pa. 449. After carefully studying this statement of claim, this court cannot say as a matter of law that plaintiff has presented no cause of action. The court finds that the statement of claim is vague and indefinite, but it has come to the conclusion that plaintiff has set forth a cause of action. Mr. Justice Simpson in his opinion in the case of Morris & Bailey Steel Co. v. Bank of Pittsburgh, 277 Pa. 81, 82, clearly presented this court's viewpoint when he said:

"Plaintiff appeals from a judgment of the court below in favor of defendant, on points of law raised in the affidavit of defense. In considering the right to have such a judgment, no weight can be given to an objection that the statement of claim is too 'vague, indefinite and insufficient to support the action', this and all similar averments, even if justified, being wholly immaterial in such an inquiry; it must appear from the statement itself, 'as a "question of law", that plaintiff is not entitled to recover', and if there are real doubts regarding this they must be resolved against entering the judgment: Rhodes v. Terheyden, 272 Pa. 397; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206."

This court feels, however, that the statement of claim filed by plaintiff is so vague and indefinite that if it were not amended it would cause innumerable complications in the actual trial of the case. Taking the statement of claim as a whole, it is apparent that many issues would arise at the trial which would prove irrelevant to the actual merits of the case. In paragraph 5, plaintiff alleges that "The aforesaid invitation was extended to plaintiff upon the term and condition, expressed, customarily implied . . .". This is an allegation of an expressed and implied consideration. It is obvious that, if the consideration is expressed, there is no necessity of an implied consideration. If the consideration is implied, it couldn't be expressed. Also in paragraph 5, plaintiff alleges ". . . that plaintiff would be afforded an opportunity to earn the customary real estate brokerage commission upon such purchase or lease". This allegation raises the question: "The plaintiff was deprived of the opportunity to earn a real estate commission from whom?" Does plaintiff mean that he was to be given an opportunity to earn a commission from defendant; or was he to be given the opportunity to earn a commission from the owner of the property?

The entire paragraph 5 is an example of vagueness and indefiniteness in pleading which would cause considerable difficulties in the matter of proof at trial. The same objection can be made to paragraph 10 where plaintiff alleges, ". . . failed and refused to afford plaintiff an opportunity to earn a commission upon said purchase, . . ." From whom was plaintiff supposed to earn a commission? Plaintiff's pleading fails to notify defendant as to this fact. In paragraph 11, plaintiff asks for damages as reasonable compensation for his service which is in the nature of a claim for quantum meruit damages; but he goes on further to state that he has been deprived of the opportunity to earn and receive a commission in accordance with the contract between defendant and himself. This allegation in paragraph 11 presents a claim for damages for breach of contract, together with a claim for damages in the nature of reasonable compensation for services rendered. The only damage that plaintiff actually claims is a five percent brokerage commission. To which claim for damage does plaintiff attribute his right to obtain a five percent commission? Is it on the quantum meruit claim, or is it on the claim for damages for breach of contract? Plaintiff does not set forth in a clear and concise language exactly what is his claim for damages. Defendant has the right to be informed as to the exact nature of plaintiff's cause of action and the damages claimed by plaintiff. Plaintiff continued this vagueness and indefiniteness in paragraph 4 when, instead of setting forth the fact that an offer was made by defendant to plaintiff, he merely set forth that defendant "orally invited" plaintiff to do certain acts.

Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires that a pleading be set forth in concise and summary form. If a pleading is not set forth in concise and summary form, section 21 of the Practice Act provides that such a pleading may be stricken off the

record upon the filing of a motion to strike. If a statement of claim is ambiguous, vague, and indefinite, the common law gives defendant the remedy to move for a more specific statement of claim. Therefore, defendant's proper remedy to correct the statement of claim before us was to move to strike the statement of claim in accordance with the Practice Act or to take a rule for a more specific statement of claim as provided by the common law: Rice et ux. v. Scranton, 311 Pa. 534. Instead of using these available methods to compel plaintiff to be definite and precise in the presentation of his cause of action, defendant chose to file an affidavit of defense raising questions of law. This court, as has been stated before, finds that this statement of claim is not defective as a matter of law and does, in fact, present a good cause of action. It is necessary therefore, under the circumstances, to find against defendant and not sustain his affidavit of defense raising questions of law.

Since more than 15 days have elapsed since the filing of the original statement of claim, the case of Martin v. Hertzler, 9 D. & C. 321, precludes defendant from filing a motion to strike off the statement of claim. The Martin case held in effect that, when an affidavit of defense in lieu of a demurrer is filed, a motion to strike off comes too late under the Act of May 23, 1923, P. L. 325, if more than 15 days have elapsed from the time of service of such pleading (statement of claim). However, this court will not permit a case to go to trial on a statement of claim which is as vague and indefinite as the statement of claim now under consideration. Since Martin v. Hertzler, supra, precludes defendant from filing a motion to strike off the statement of claim, or from filing a rule for more specific statement of claim, this court will treat the affidavit of defense raising questions of law filed by defendant as in effect a motion to strike and a rule for more specific statement of claim. The court finds that this procedure has

been followed in several cases in the Commonwealth of Pennsylvania, namely, Badger v. Miller, 1 D. & C. 94, Strasburg Borough v. Alexander, 13 D. & C. 166, and Gardener et al. v. Yackanicz, 15 D. & C. 139. In all these cases, the court found that the statement of claim set forth a cause of action but was formally defective. In each case, the court treated the affidavit of defense raising questions of law as in effect a motion to strike off or a rule for more specific statement of claim and ordered plaintiff to file an amended statement of claim. In view of the complexity, lack of conciseness, vagueness, and indefiniteness of plaintiff's statement of claim in the case at bar, this court feels that it is necessary in order to make possible an orderly trial of the actual issues involved in the statement of claim, that plaintiff must be compelled to file an amended statement of claim wherein he sets forth with conciseness and particularity the following:

1. Whether the alleged consideration promised by defendant to plaintiff was expressed or implied.

2. Whether plaintiff was to have an opportunity to earn a commission from defendant or from the owner of the building.

3. Whether plaintiff is claiming damages on a quantum meruit basis or whether plaintiff is claiming damages for breach of contract by himself and defendant.

4. Whether defendant only "invited" plaintiff to submit information or whether defendant made an actual offer to plaintiff of a consideration if plaintiff performed certain acts.

In other words, plaintiff must present a statement of claim which clearly and concisely sets forth the offer of defendant, the consideration promised by defendant, the acceptance of the offer by plaintiff, the breach of contract by defendant, and a definite measure of damages claimed by plaintiff. If, however, plaintiff is not

depending on such a definite contract, he must file a statement of claim setting forth clearly and concisely all the necessary elements which would give him the right to damages in the nature of quantum meruit for actual service rendered.

## Order

And now, to wit, April 24, 1942, defendant's affidavit of defense raising questions of law is not sustained but plaintiff is ordered and directed to file an amended statement of claim setting forth clearly and precisely, in accordance with this opinion, the facts upon which his claim is based within 15 days from the filing of this opinion.