## Gusler et al. v. Swartzentruber et al.

*Humes & Kiebort*, for plaintiffs.

*Walter J. McClintock* and *Marsh, Spaeder, Baur & Marsh*, for defendants.

*F. Joseph Thomas*, for additional defendant.

KENT, P. J., July 22, 1943.—This is an action in trespass instituted by plaintiffs wherein they seek to recover damages for injury to property and for personal injuries sustained, by certain of said named plaintiffs, by reason of an automobile collision, which occurred on September 14, 1940, at about five p.m., on highway route 20106, in Rome Township, Crawford County, Pa.

The record discloses that a summons in trespass was duly issued in the case, as above captioned, on Sep-

tember 4, 1942, and lodged with the sheriff for service, upon which the following return is attached:

"Now, Oct. 5, 1942, Served the within Summons upon the Secretary of Revenue of the Commonwealth of Pennsylvania, by sending by registered mail, postage prepaid, 2 true and attested copies of same, to said Secretary of Revenue, at Harrisburg, Penna., on September 14, 1942, which was duly received by him on September 15, 1942, as evidenced by the registry Return Receipt hereto attached and made part of this return: also served same on the defendant, Peter Swartzentruber, a non-resident, by sending him a true and attested copy of same, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to said defendant at Westmoreland, N. Y., his last known address, which was duly received by him on Sept. 18, 1942, by registered mail, postage prepaid, as is evidenced by the registry Return Receipt hereto attached and made a part of this return. Also served on the defendant, Douglas Spencer, a non-resident, by sending him a true and attested copy of same, with an endorsement thereon of the service upon said Secretary of Revenue, addressed to said defendant at the Salvation Army Headquarters or Barracks, Titusville, Pa., his last known address, which was duly received by him (postmarked Rochester, N. Y.) on Sept. 22, 1942, by registered mail, postage prepaid, as is evidenced by the registry Return Receipt hereto attached and made a part of this return. All in conformity to the Act of 16 May, 1935, P. L. 175, relating to such service upon a non-resident."

On September 30, 1942, defendants, by attorneys, appeared in response to said summons so served as aforesaid. Later, on December 21, 1942, plaintiffs filed their statement of claim in the case with an acceptance of service, by copy, endorsed thereon by attorney for defendants. Thereafter, on January 4, 1943, defendants entered a rule, without leave of court, for fil-

ing of a more specific statement of claim, respecting particular matters complained of, service of which was accepted on part of plaintiffs. No answer was filed thereto, at least we are unable to locate one amongst the record papers before us. While this rule was argued before the court it will be noted that it is not founded upon any motion or petition for a rule to show cause addressed to the court and, further, was never presented to the court for any order, rule, action, or consideration prior to the argument. This is, indeed, an unusual procedure since the passage of the Practice Act of 1915.

The Practice Act of May 14, 1915, P. L. 483, sec. 21, provides, inter alia, as follows:

"The Court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

This act provides that all actions in trespass, excepting libel and slander, shall be as therein provided. The particular section above quoted has been interpreted by our appellate courts and thereby a general rule of procedure has been established.

"Thereunder, a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific. . . The rule entitling a defendant to ask for a bill of particulars has become obsolete under the Practice Act, for every statement of plaintiff's claim, drawn in compliance therewith, embodies a bill of particulars. If not so drawn the proper remedy is as above stated": King et al. v. Brillhart, 271 Pa. 301, 305. See also Long v. McAllister, 275 Pa. 34, 39; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206; Rhodes v. Terheyden et al., 272 Pa. 397; Patterson v. Union Transfer Co., 84 Pa. Superior Ct. 273, 275; Rice et ux. v. Scranton, 311 Pa. 534.

In the instant case this procedure was not followed. The rule filed savors greatly of a bill of particulars, which is obsolete under the Practice Act. If the rule taken is to be considered as a bill of particulars, it is not in compliance with Rule of Court 43, sec. 6, which provides:

"At any time after appearance and before the cause is at issue, the defendant may obtain a rule on plaintiff to show cause why he should not furnish the defendant with a bill of particulars and until it is furnished, proceedings shall stay. If plaintiff neglects to furnish same within fifteen (15) days after the rule has been made absolute, a non-suit shall be entered by the prothonotary on the præcipe of the defendant."

This rule of court undoubtedly means and contemplates that the rule to show cause is to be founded upon a petition or motion addressed to the court, who will either grant or reject the rule. Likewise, the procedure for granting a rule for the filing of a more specific statement, under the law, should be addressed to the court, who will, after due consideration, either grant or refuse the relief prayed for. The statute and some of the authorities cited say "should have *taken* a rule for a more specific statement." We do not interpret this that defendant can enter such a rule, as of course, without leave of court. This, in our opinion, would be rather loose practice, and should not be permissible.

Let us now look to the rule taken in the instant case. It is positive evidence that the usual, adopted, and approved procedure was not followed. The introductory paragraph is as follows:

"Now, to wit, January —, 1943, come the defendants by their attorneys and rule the above named plaintiffs to file a more specific statement of claim in the following particulars, to wit:" Then follow the 11 specific matters complained of.

There is absolutely no request for any consideration or action of the court on anything relative to the rule so entered as aforesaid, to grant a rule to show cause or consider the several "particulars" set forth. In fact, as we have herein stated the rule was never presented to the court except in argument and then without any stipulation or agreement. We are of the opinion that the court has no authority to dispose of this pleading. Therefore, we do not consider or pass upon the several matters complained of at this time, excepting to state that this rule is not properly before the court. We cannot agree with plaintiffs' contention that "defendants' rule for more specific statement of claim was properly filed and all procedure is going forward in due course in order that an issue may be joined without bias or prejudice to any of the parties."

The established rule applicable to insufficient statements is clearly stated in Rhodes v. Terheyden et al., supra, to be: If defendants were of the opinion the averments did not conform to the provisions of the Practice Act, they should have moved to strike it off, but if it did conform with the provisions but was not sufficiently specific they should have taken a rule for a more specific statement. This implies an application to the court, on either a petition or motion, for the allowance of a rule to show cause why the relief sought should not be allowed. We find no provision of law permitting the entry of such a rule as a matter of course in a trespass action.

We are convinced that the rule is not properly before the court for consideration at this time.

### Re petition for severance

This is a petition to sever the right of action of plaintiff Edna Weidner so that she may be joined as an additional defendant. Edna Weidner was the driver of an automobile in which Adelaide Gusler was a passenger and which was involved in a collision with defendant's

automobile on September 4, 1940, on highway route 20106, in Rome Township, Crawford County, Pa. In the petition it is alleged that plaintiff Edna Weidner's negligence caused or contributed to the accident and that she is alone liable therefor.

Plaintiffs joined in this action by virtue of the provisions of Pa. R. C. P. 2229(a). This they had a right to do. Under Pa. R. C. P. 2252, a defendant is prohibited from joining, as an additional defendant, any person who is already a party to the action.

It is quite apparent that the claim of a guest plaintiff and a driver plaintiff are of separate character, and it is our opinion that a defendant should not be deprived of his right to assert that the driver-plaintiff was either alone or jointly liable for the cause of action upon which the guest plaintiff declares. This would be taking from him a legal right to which he has long been entitled and exercised in cases of this character, but which is now absolutely prohibited by Rule 2252. Since the promulgation of Pa. R. C. P. 2229 it seems to have been common practice to join as plaintiffs both driver and guest in one action, and since the adoption of Pa. R. C. P. 2252 it has been impossible for a defendant to join the driver-plaintiff as an additional defendant. This has led to a conflict of decisions in the lower courts which have considered the question.

Pa. R. C. P. 2231(c) provides:

"The trial of an action in which parties have joined or have been joined under Rules 2228 and 2229 shall be conducted *as if independent actions between such parties had been consolidated for trial.*" (Italics supplied.)

This amounts to no more than an agreement of counsel to try separate issues, growing out of the same occurrence and dependent upon the same circumstances, together, as a matter of economy and time saving.

Subsection (d) provides: "Except as otherwise provided by these rules, the joinder of parties . . . shall not affect the procedural rights which each party would

have if suing or sued separately, and the verdicts and judgments entered therein shall be joint, several or separate according to the nature of the right or liability therein determined."

The note of the Procedural Rules Committee accompanying this section says:

"This subdivision guarantees a party who asserts or against whom is asserted an independent claim the same procedural rights that he would enjoy, and imposes the same burdens to which he would be subject, if he had sued or been sued in a separate action."

We concur with Judge Alessandroni's conclusion as stated in Judge et al. v. Lang, 43 D. & C. 511, 513, where he says:

"We believe that, since the permissive joinder is merely a convenience and the causes of action still retain their separate character, the court possesses an inherent power to direct the severance of actions and should exercise that power."

See also Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161, Haney et al. v. Zimmerman, 42 D. & C. 716, William Freihofer Baking Co. et al. v. Collins, etc., 43 D. & C. 485, Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328, and Seymour et al. v. Folberg, 46 D. & C. 292.

Considering the instant case in the light of the rules and the interpretations thereof in the cases cited, we are of the opinion that, where the driver of and passenger in an automobile involved in an accident are joined as plaintiffs in an action to recover their respective damages and as a result thereof defendant is unable to bring the driver on the record as an additional defendant because he is a party of record, the court should, in its discretion, order a severance of the actions.

In the instant case the petition avers facts which, if proven, would tend to establish the liability of the party sought to be joined as an additional defendant,

and the original defendants would not be deprived of any of their rights. The rule to show cause should be made absolute.

*Re motion to extend time for joining additional defendant*

Having concluded that defendants' rule for a more specific statement of claim is not properly before the court and that the rule to show cause for a severance of actions as to plaintiff Edna Weidner should be made absolute, we will now consider the motion for extension of time for joining Edna Weidner as an additional defendant.

Pa. R. C. P. 2252 provides:

"In any action the defendant . . . may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Pa. R. C. P. 2253 provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant . . . later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

These rules seem to establish a defendant's right to bring an additional defendant, not a party to the action, upon the record within the limitation period, 60 days, on præcipe, but not later except with leave of court upon cause shown. The question now arises— what constitutes sufficient cause to justify such an extension?

The rules do not indicate what is sufficient cause. Defendants base their motion upon the fact that a rule for a more specific statement of claim has not been disposed of and that defendants' petition for a severance is pending before the court.

We see no merit in the first reason. As we have already said herein, the rule is not properly before the court, hence we have nothing to consider in relation thereto and we are without authority to rule thereon. The rule is not addressed to the court. In relation to the second reason, defendants' petition for severance of actions, the situation is quite different. Here we have an absolute bar to bringing upon the record the designated additional defendant until after a severance of actions is awarded by the court, and if a severance is refused then the prohibition would remain permanent. We have indicated that a severance of action should be allowed as to plaintiff Edna Weidner from the causes of George W. Gusler, Adelaide Gusler, his wife, and John Weidner, the remaining plaintiffs. For this reason, we are of the opinion that, in fairness to all concerned, an extension of time beyond the 60-day limitation should be allowed for the filing of the required præcipe to join the designated additional defendant.

Likewise, we incline to the belief that if the severed causes of action are tried separately some confusion and complications may be avoided. Such procedure cannot harm any of the parties in interest, as we view the whole matter, but we see no reason for designating the order in which they shall be presented.

In accordance with the conclusions herein expressed upon the rules, motion, and request now before us, we enter the following

*Orders*

IN RE RULE TAKEN BY DEFENDANTS FOR A MORE SPECIFIC STATEMENT OF CLAIM AND NOT ADDRESSED TO THE COURT

Now, July 22, 1943, the said rule not being properly before the court, same is dismissed without consideration of the particulars therein set forth. Exception is hereby noted and sealed for defendants.

IN RE PETITION AND RULE FOR SEVERANCE OF ACTIONS

Now, July 22, 1943, the rule to show cause entered February 22, 1943, is made absolute, the petition of defendants is sustained, and the action of Edna Weidner is severed from that of the remaining plaintiffs. Exception is hereby noted and sealed for plaintiff Edna Weidner.

IN RE MOTION AND RULE TO EXTEND TIME FOR JOINING ADDITIONAL DEFENDANT

Now, July 22, 1943, the rule to show cause entered February 22, 1943, is made absolute, the motion is allowed, and the time for joining Edna Weidner, as additional defendant, is hereby extended for a period of 30 days from the date of this order.